WILLIAM H. WHITE & MOSELY D. HALL *v.* OLIVER BASCOM, THOMAS VAUGHN, HENRY F. GAYLOR & SILAS HINCKLEY.

*Bailee's right of action for injuries to property in his possession or under his care.*

A bailee of property, who has an interest in it, may maintain an action in his own name for any injury done to it, either tortwise, or by the breach of any obligation or duty which another may be under, in reference to it.

By a contract between the plaintiffs, one of them was to furnish a boat, and the other take charge of running it for the purpose of transporting merchandise, the profits of which business was to be shared by them equally. *Held*, that, for an injury or breach of duty by a third person in reference to the boat, by which it was lost, an action might be maintained and the value of the boat recovered in the name of the plaintiffs jointly.

The plaintiffs engaged the defendants to tow for them a boat containing merchandise which the plaintiffs were transporting as common carriers, and which was afterwards lost by the neglect and want of ordinary care of the defendants. *Held* that the plaintiffs might recover the value of the merchandise lost, though they had not paid the owners, or received any pay for the transportation of it.

ACTION ON THE CASE. The declaration alleged that the defendants were engaged in the business of towing boats on Lake Champlain; and the plaintiffs in running canal boats to and from Vergennes and Troy, for the purpose of forwarding, transporting, and freighting goods, &c.; and that by a contract between them, the defendants became obligated, carefully, skillfully and prudently, to tow the plaintiffs' boats, with their contents, on Lake Champlain, between Whitehall and Fort Cassin, (points between Troy and

Vergennes;) that, in November, 1853, the defendants received to be so towed a boat of the plaintiffs containing merchandise, belonging to different persons named, which the plaintiffs were transporting as common carriers; and that, while being towed by the defendants, the boat and its contents were lost and destroyed by means of the carelessness and want of skill and prudence of the defendants, &c.

The action was referred, and the referees reported that the defendants were guilty as the plaintiffs had alleged, and that they found for the plaintiff to recover $ 2,482,02 damages and their costs; and they further reported the following facts.

The plaintiffs entered into a contract, by which White was to furnish boats, and Hall was to devote his personal services to carry on the business of transporting merchandise, by means of the boats, to and from Vergennes and Troy, and were to share equally the profit and loss of the business; but Hall had no other interest in the boats, one of which was the boat mentioned in the declaration, for the loss of which the plaintiffs claimed to recover. The referees decided that the plaintiffs were not entitled to recover for the boat for the reason that it was not the joint property of the plaintiffs, but that if the court were of the opinion that the plaintiffs had such an interest in the boat, as to entitle them to recover for its loss in this action, then that the plaintiffs should recover the sum of $ 600,00 in addition to the sum of $ 2,482,02, making the whole sum $ 3,082,02.

It appeared that the defendants were engaged in towing boats, as stated in the declaration; and the plaintiffs claimed that the defendants were liable as common carriers for the boat and cargo. But the referees decided that the defendants were not liable as common carriers for the same, but that the defendants were liable for the damage the plaintiffs sustained, in consequence of the neglect of the defendants, or their servants, to exercise ordinary care and diligence in towing the boat for the plaintiffs. It appeared that the plaintiffs had not paid the owners of the goods which had been received by the plaintiffs as common carriers, and were lost with the boat, nor had they received any pay for the freight of the goods. The defendants contended that for that reason the plaintiffs were not entitled to recover for such goods; but the referees

decided that they were; the said sum of $ 2,482,02, being for the value of the goods so lost, and the interest thereon.

The county court, June Term, 1855,—PIERPOINT, J., presiding,—rendered judgment, upon the report, for the sum of $ 2,482,02, to which the defendants excepted; and to the disallowance of $ 600,00, for the loss of the boat, the plaintiffs excepted.

*E. J. Phelps* for the defendants.

The defendants are directly responsible to the owners for the loss, upon their contract, (with the owners, in legal effect,) to use due care in the towing; *Sanderson* v. *Lamberton*, 6 Binney 129; and thus may be subjected to an action in favor of each owner, as upon the contract; and to such action a recovery here would be no bar.

Through the bankruptcy or fraud of the plaintiffs, the fruits of a recovery might never reach the owners. A court of law lacks power to distribute the fund. Even if the defendants may be considered as agents, or sub-contractors of the plaintiffs, without privity with the owners, then the plaintiffs, to recover, must prove " a real loss, or actual damage, and not merely a probable or possible one." Story's Agency, § 222; *Mainwaring* v. *Brandon*, 8 Taunt. 202. In any view *the contract* is the real basis of liability, whether the action be assumpsit or in tort.

The legal effect of this contract was this,—that the defendants would use ordinary care in towing the goods, or pay all damages consequent on their breach of contract,—to the owners of the goods, (if lost,) their value,—to the plaintiffs, such damages as *they* might sustain.

Now the plaintiffs may be regarded as guarantors, to the owners, of the defendants' contract; and the defendants are obliged to indemnify the plaintiffs against loss from the breach of the contract on their part.

Regarded as a contract of indemnity, the plaintiffs cannot recover without first proving a claim made against them, and actual payment; *Taylor* v. *Mills*, Cowp. 525; *Powel* v. *Smith*, 8 Johns. 249; Sedg. Dam. 308 and seq.

The plaintiffs cannot recover for the boat upon the facts found. It was the seperate property of one of the plaintiffs.

*J. Pierpoint* and *F. E. Woodbridge* for the plaintiffs.

The possession of the property, and a liability to account for it to the owner, is sufficient to enable the person having such possession to maintain an action against a wrong-doer for any injury to it; Story on Bail. page 73, § 93 and 4; 2 Saund. R. 47; Bac. Abt. Bailment, D.; Angel on Com. Car. p. 343; 1 B. & A. 59, *Rooth* v. *Wilson*; 2 Bing. 173, (or 9 C. L. 368;) *Croft* v. *Allison*, 9 Com. L. 528.

The plaintiffs, in this case, have a special property in the boat, being entitled to her use during their business, and her earnings being their joint property; this special property is sufficient to enable them to recover in this action; Story on B. 261. § 394.

The fact that the plaintiffs had the goods lost in their possession, as common carriers, entitles them to recover their value of the defendants in this case, without having paid the owners. Their right to recover does not depend upon their *having paid*, but upon their possession and *liability to pay*. See authorities above cited.

The opinion of the court was delivered, at the circuit session in June, by

REDFIELD, CH. J. The important question, and, in one view, the only question in the present case, is, whether a bailment, coupled with an interest, is a sufficient title to enable the bailee to recover the value of the goods of one to whom he entrusts them for the purpose of transportation, the bailee in the second instance not being a common carrier, but only a special one, and liable for ordinary neglect.

The general principle of the law in regard to this point seems to us sufficiently settled. Ordinarily, any one having the possession of goods, even by finding, or by tort, has a sufficient title to recover the value against a mere wrong-doer, or any one who undertakes to perform service about the goods, and fails in ordinary skill and diligence. This principle of the law is of very long standing. The person who is guilty of tort, or who fails to perform his duty according to his undertaking, or the general obligation of his craft or position, cannot ordinarily dispute the title of him from whom he took, or received the possession. Naked possession is a sufficient title against all the world, except him who has a superior

title.  And the law will presume the possessor, either by finding, bailment, or mere tort, has the consent, and the title of him in whom resides the better right, until *he* shall connect himself with the wrong-doer in some way.  Until that, *the* wrong-doer must show a right to do as he has done.  It is no justification to him, to impeach the plaintiff's title.

Accordingly, it is every day's practice in the courts of common law, for the bailee, who is not accountable over, to bring suits for any injury to the goods either by force or negligence.  Accordingly the hirer of a horse, or one who has him in possession, by the consent of the owner, may sue any one who commits a direct trespass, or who fails in duty, either express or implied, in regard to the property.  It was never heard, in such case, that the trespasser, the mechanic who shod, or the inn-keeper who kept the horse, could excuse their own misconduct or failure in duty, by showing a right in some third person, superior to the bailors'.  But in all these cases it is an undisputed point, that the general owner may sue also, if he choose; and if the suit is brought by the special owner, the law presumes it is by consent of the general owner, and he alone can interfere.

And in our judgment, the case of a common carrier of goods, who employs the assistance of others in accomplishing his own undertaking, whether those persons be private persons or other common carriers, may maintain an action for any tort, or breach of duty or obligation in such persons, and the action is not defeated, by showing that such carrier has not paid the owner of the goods. And this, notwithstanding the general owner might also sue.  The right of action in such case is not, in any sense, dependent upon having indemnified the owner for his loss, or even of being liable to do so; but upon possession coupled with an interest, or in other words possession, independent of the general owner.  For if the possession be that of the owner, as in the case of a servant, the action must be brought in the name of the general owner.  But in all cases where the plaintiff had, at the time of the injury, the actual possession, or where he delivered the possession to the defendant for some specific purpose, he may sue, and the action cannot be defeated, through any defect of title in the plaintiff; 1 Chitty's Pleading, 51.  Both the general owner and the special owner can-

not sue at the same time, and judgment in favor of one is a bar to a suit by the other; 2 Saund. 47 b.; id. c. d; Bull. N. P. 33. The numerous cases upon the subject will be found referred to in these elementary works, and need not be here repeated. And if the plaintiffs had hired this boat for use, even for a single trip, they might undoubtedly recover the loss in this action. For that would give them the possession, and a special interest or property in the boat. And the fact, that the plaintiffs had the boat in their joint use, would seem to give the same right to sue a stranger to the title, for an injury, as if they had obtained it of a third person. The boat was clearly in the joint use of the plaintiffs, and the earnings were their joint property. If a stranger had owned it, the recovery would make them liable to pay the owner; and so, in the present case, the recovery will enure for the benefit of the owner as between the plaintiffs themselves. But this is not a question which the defendants can raise. The contract was between the defendants and the plaintiffs jointly; and the plaintiffs had the right to use the boat jointly, and to contract, as they did, with the defendants; so that they are bound by the contract to the full extent, and cannot go into any questions arising between the plaintiffs, inasmuch, as the recovery is a full bar to all other claims for the boat, by any one standing in privity with the plaintiffs. So that in regard to the goods, and the boat, it would seem, the plaintiffs had such an interest as to enable them to recover for the loss; and that the instituting such a suit, and its proceeding to final judgment, by the acquiescence of the person or persons having the general property, will conclude their rights, the same precisely, as if the suit had been in their names. We think, therefore, judgment must be reversed, and judgment given for the larger sum.