## GREAT WESTERN RAILROAD COMPANY OF 1859

*v.*

## HAMILTON C. McCOMAS.

1. PARTIES — COMMON CARRIERS — *who may sue for the loss or non-delivery of goods.* Where goods are shipped upon a railroad for transportation, the consignor may sue for their non-delivery, though he be but a bailee. He has such a special property in the goods as to give him a right of action. So may the real owner sue, and so may the consignee.

2. SAME — *there can be but one satisfaction.* And it seems, whichever of those who have a right of action in such case first obtains damages, it is a full satisfaction.

3. COMMON CARRIERS — *of their rights and duties respecting goods received for transportation.* Where a railroad company receives goods for transportation from a bailee, they cannot excuse themselves in a suit brought by the consignor for negligence, that the real title was in his bailor, unless they show that the property has been taken out of their possession by him, without any injury or injustice to the consignor.

4. SAME — *their relations to the consignor.* So far as the carrier is concerned in such case, the consignor is the bailor of the property. And although the bailor was not the owner of the thing bailed, still the bailee must, ordinarily, restore it to him.

5. The carrier is the agent of the consignor from whom he receives the property, and he is not at liberty to dispute his title in an action brought by him.

6. It is very questionable if the carrier can be permitted, of his own mere motion, to set up as a defense against his bailor the right of the real owner.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. DAVID DAVIS, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Messrs. NELSON & ROBY, for the plaintiffs in error.

Mr. W. E. LODGE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was an action on the case against the Great Western Railroad Company of 1859, for negligence in not delivering certain articles with which they were intrusted as common carriers. The facts appear to be, that, on the 18th of June, 1860, H. C. McComas, the defendant in error, delivered to the railroad company certain articles of property, and received from them this receipt:

" GREAT WESTERN RAILROAD COMPANY OF 1859, }
                   BEMENT STATION, *June* 18, 1860.      }

" Received from H. C. McComas the following articles, contents unknown, in apparent good (W. D. Kerr, Attica, Ind.) order, viz: 1 boiler, 1 smokestack, 1 dome (old), subject to the conditions and rules and on the terms mentioned in their tariff (now in force) for the transportation of merchandise, which are made a part of this contract.

                             "R. B. GRIFFIN, *Agent.*"

It appears, while the articles were on the cars on the route east, they were seized by the sheriff of Vermillion county, by virtue of a writ of replevin, at the suit of one Thomas Lewis. To the action the defendants pleaded, first, *non detinet;* second, that the boiler was the property of one William C. Conrad; third, that the boiler was the property of one William C. Conrad, and not the property of Lewis, and that the boiler was

delivered by Conrad to the defendant, to be transported from Bement, Piatt county, to a station called the State Line, on the Great Western Railroad, for certain hire and reward paid by Conrad, and that the boiler was held under this contract with Conrad. The company also pleaded that a writ of replevin, issued by the clerk of the Piatt Circuit Court, directed to William Motherspaws, as elizor, came to his hands, and by virtue thereof the elizor seized the boiler on the 26th day of April, 1860, and delivered it to H. C. McComas, attorney of Conrad; that the writ of replevin was then pending between Conrad and the sheriff of Piatt county, and undetermined; and that Conrad, after the delivery to him of the boiler, delivered the same to the company at Bement, and then and there held and employed the defendant to ship and transport the boiler for him, Conrad, from Bement to the State Line, &c.; wherefore they held and detained the boiler.

The issues upon these pleas were found for the company, and a writ of *retorno habendo* was awarded. By this judgment the articles were restored to the company, and were, in legal contemplation, in their possession.

It would seem, however, the company did not prosecute the writ of *retorno habendo*, but suffered the property to remain in the possession of Lewis; at any rate, they did not deliver it, as they had contracted to do. Now, the question is, as to the liability of the company. About this there can be no doubt.

The property was delivered to the company by McComas, who, it is admitted, was the bailee of Conrad, and Kerr, of Attica, was the consignee. The company made the contract to carry and deliver with McComas, and there is no principle better settled, than that the consignor, for a breach of the duty, be he but a bailee, may sue. He has such a special property in the goods as to give him the right of action. So may the real owner sue, and so may the consignee. The company cannot excuse themselves in a suit brought by the consignor for negligence, that the real title was in his bailor, unless they show the property has been taken out of their possession by him, without any injury or injustice to the lender or bailor.

Here McComas was the bailor of this property, so far as the railroad company was concerned, and if Conrad was the owner, the company should show that it had been restored to him without injury to McComas. As a general rule, if the bailor is not the owner of the thing bailed, the bailee must, ordinarily, restore it to him. Story on Bailments, § 266; *Whittier* v. *Smith*, 11 Mass. 20. The railroad company was the agent of McComas, of whom they received the property, and they are not at liberty to dispute his title in an action brought by him. *Goslin* v. *Birnie*, 20 Eng. C. L. 153; *Hall* v. *Griffin*, 25 id. 118; *Harman* v. *Anderson*, 2 Cowp. 243; *Stonard* v. *Dunkin et al.*, id. 344. The case of *Freeman* v. *Birch*, 28 E. C. L. 543, settles the point that either the bailor or bailee may sue. *Davis* v. *James*, 5 Burrows, 2680, and *Moore* v. *Wilson*, 1 Term R. 659, are referred to, to support the principle. In *Nichols* v. *Bastard*, 2 Exch. 659, it was also held that either bailor or bailee might sue, and whichever first obtains damages it is a full satisfaction. Angel on Carriers, § 493.

It is very questionable if the carrier can be permitted, of his own mere motion, to set up, as a defense against his bailor, the right of the real owner. 6 Wharton (Penn.), 418.

We see no reason whatever to justify a reversal of the judgment. It must be affirmed.

*Judgment affirmed.*