CHARLES H. JOHNSON vs. INHABITANTS OF HOLYOKE.

In an action to recover for injuries to the plaintiff and to a horse and carriage hired by him, brought with the consent of the owner of the property, the plaintiff may recover full damages for the injuries to his person and to the property, assessed in one sum.

In assessing damages against a town for injuries to a horse and carriage by a defect in a highway, the jury may take into account the length of time that elapsed before the horse recovered from its injuries, and that was necessary for the repair of the carriage, and the necessary expense of hiring another carriage meanwhile, if that was the most prudent course to adopt.

TORT on the Gen. Sts. c. 44, § 22, for injuries occasioned by a defect in a highway to the person of the plaintiff and to a horse and carriage driven by him.

At the trial in the superior court, before *Dewey*, J., it appeared that the horse and carriage were owned by John Blake, were hired at the time of the alleged injury by the plaintiff, and were returned to Blake about two hours afterwards. Blake testified that he looked to the plaintiff for his claim, and had so told the plaintiff; but there was no evidence that he ever had any communication with the defendants.

"Against the objection of the defendants, the judge admitted evidence to show the damage and injury to the horse and carriage at the time of the accident, and, as bearing upon that, the detention and loss of service of the horse and carriage for several weeks thereafter, while in possession of Blake."

The defendants requested the judge to instruct the jury as follows: "That the bailee or hirer of a team injured on the highway cannot recover for the injury to the same, unless he was in such fault as would render him liable for the same to the owner; that the hirer of a team injured on the highway cannot recover for injury to the same, unless the owner consents to the suit and has relinquished his right of action to the town; that the hirer of a team injured on the highway cannot recover of the town any sum as damages, by reason of the detention or loss of service of the team after its return to the owner."

The judge declined to give such instructions; but instructed the jury "that if the bailor has made a claim on the bailee for the

damage to the horse and carriage, and assents to the bailee recovering in the present case for all damages to the horse and carriage, the plaintiff can recover; that the plaintiff can recover for his own personal injury, and for the damages which were the immediate consequence of the injury to the horse and carriage; and that, in estimating the damages arising from the injury to the horse, the jury may consider the length of time that elapsed before the horse recovered from his injuries so far as to be fit for use, and as to the carriage, the length of time necessary for its repair, and the necessary expense of hiring another for use in the mean time, if that was the most prudent and economical course to adopt."

The jury returned a verdict for the plaintiff for $175, and the defendants alleged exceptions.

*W. B. C. Pearsons*, for the defendants.

*G. D. Robinson*, for the plaintiff.

GRAY, J. A hirer or other bailee of chattels is entitled, by virtue of his possession, to maintain an action of tort for any injury to them. In such an action, brought with the express or implied consent of the general owner, full damages for the injury to the property may be recovered, and a judgment therein may be pleaded in bar of any like action afterwards brought either by the bailor or by the bailee. The extent of the bailee's liability to his bailor, by virtue of the contract or relation between them, for the injury itself, or for the damages recovered therefor from a wrongdoer, and the difficulty, in the present case, of distinguishing between the damages recovered for the injury to the plaintiff's person and those for the injury to the property, are matters to be adjusted between the bailor and bailee, and do not affect the grounds or the measure of the liability of a third party by whose unlawful act or neglect the property has been injured, where (as has been found by this verdict) no want of due care on the part of the plaintiff contributed to the injury. 2 Kent Com. (6th ed.) 568 & note, 585. Story on Bailments, §§ 94, 280, 394. *Littlefield v. Biddeford*, 29 Maine, 310. *Little v. Fossett*, 34 Maine, 545. *Rindge v. Coleraine*, 11 Gray, 157, 162. *Adams v. O'Connor*, 100 Mass. 515.

It follows that the plaintiff was entitled to recover in this action, both for the injury to his person, and for the damages which were the immediate consequence of the injury to the horse and carriage. The instructions given limited the damages accordingly ; and it was in estimating these damages only that the jury were permitted to take into consideration the length of time that elapsed before the horse recovered from his injury so far as to bo fit for use, and the length of time necessary for the repair of the carriage, and, as aiding the jury in ascertaining the time during which the plaintiff had been deprived of the use of his carriage, the necessary expense of hiring another for use meanwhile, if that was the most prudent and economical course to adopt. *Gillett* v. *Western Railroad Co.* 8 Allen, 560.

The defendants therefore show no just ground of exception to the rulings and instructions of the superior court.

*Exceptions overruled.*