THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

*v.*

EPHRAIM S. HAMILTON *et al.*

1. CARRIER—*liability for stock while being transported.* Where a railroad company accepts stock for transportation, it is bound to take reasonable care of it, and if, from the want of such care, loss ensues, the company will be liable to the owner.

2. SAME—*duty to provide water for stock.* It is as much the duty of the servants of a railway company to provide water, at suitable points on the line of its road, for the use of stock, as it is their duty to carry such stock; and where hogs, while being transported, died for the want of water, it was held that the company was liable.

3. SAME—*burden of proof to show exemption from liability is on the carrier.* Where a carrier receives live stock for transportation, and a loss is sustained by the owner in consequence of their not being supplied with water, the burden of proof to show an exemption from liability rests upon the carrier.

APPEAL from the Circuit Court of Ford county; the Hon. O. L. DAVIS, Judge, presiding.

This was an action on the case, by Ephraim S. Hamilton and William Cessna against the Toledo, Wabash and Western Railway Company, to recover for loss sustained on a lot of hogs from the want of watering and properly caring for them while being transported. The material facts of the case appear in the opinion.

Mr. OWEN T. REEVES, for the appellant.

Messrs. WOOD & LOOMIS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover for the loss sustained on a lot of hogs, resulting. as alleged, from the negligence of the railroad company in failing to water and care for them while in its charge, being shipped from Rankin, Illinois. to Toledo, Ohio.   The evidence preserved in the record makes a clear case against the company within the rule declared in the *Illinois Central Railroad* v. *Adams*, 42 Ill. 474, and we refer to that case as stating the principles of law which must control this decision.

Upon the questions of fact involved, the evidence is abundant to sustain the finding of the jury.   It is not contested the hogs died for the want of water while in the custody of the carrier.   The excuse insisted upon is, the company had no water that could be used for that purpose on the line of its road between the shipping point and Toledo, where the hogs were to be delivered to another carrier.   The burden of proof to show exemption from liability as a carrier rested upon defendant.   This it has not done.   The proof shows there was water at Hoopeston. The conductor of the train was apprised of the suffering condition of the hogs at that station, and requested to give them water.   According to plaintiff's testimony, he declined to comply with this request, not because there was no water, but if he ran slow enough by the tank to water the hogs he would not be able to get his train up the grade beyond.

It is also insisted, all the water at that point was wanted for the use of the engines running on the road.   Whether there was enough water for the use of the engines and hogs does not appear from anything in the evidence, nor do we regard it as material.   There was certainly water there in addition to what was required for present use, and the servants of the

company in charge ought to have used it on the hogs. It was as much the duty of the company to provide water at suitable points on the line of its road for the use of stock, as to carry it. Before they received the stock they should have known whether they had water, and if suddenly the supply had become exhausted, they should have notified the owner. But having accepted his stock for transportation, they were bound to take reasonable care of it, and if, from the want of such care, loss ensued, the company is liable. Had the hogs been watered at Hoopeston, and been unloaded within a reasonable time at Toledo, it very clearly appears the loss would have been avoided. In both respects the company was guilty of gross negligence.

No error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*