### W. M. BREWSTER *vs.* JOHN C. WARNER & another.

Suffolk. March 19. — Oct. 18, 1883. DEVENS & W. ALLEN, JJ., absent.

If a chattel, while in the possession of a bailee for hire, is injured by the negligence of a third person, and is repaired by the bailor, and the cost of the repairs is charged to the bailee, at his request, the latter, although he has not paid such cost, may maintain an action of tort against the person causing the damage.

TORT. Trial in the Superior Court, without a jury, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, on September 15, 1881, hired a horse and carriage from the livery stable of one Foster in Boston to drive to Beacon Park and return. Just before reaching the Park gate, a servant of the defendants, who was driving a pair of horses hitched to a hack, carelessly, as it was alleged, drove against the carriage in which the plaintiff was driving, and injured it. This action was brought to recover the damages so sustained.

Foster was the owner of the carriage injured. The plaintiff told Foster to send the carriage to a repair shop and have it repaired, and he would pay the bill. The carriage was repaired, and the bill for repairs was made to the plaintiff, and presented to him for payment; but he had not paid it at the time of trial.

This was all the evidence as to the ownership, use, and repairs of the carriage. The defendants requested the judge to rule that, upon this evidence, the plaintiff could not recover, regardless of the question of negligence. But the judge ruled otherwise, and found for the plaintiff; and the defendants alleged exceptions.

*J. O. Teele*, for the defendants.

*A. O. Brewster*, for the plaintiff.

HOLMES, J. The modern cases follow the ancient rule, that a bailee can recover against a stranger for taking chattels from his possession. *Shaw* v. *Kaler*, 106 Mass. 448. *Swire* v. *Leach*, 18 C. B. (N. S.) 479. See Year Book 48 Edw. III. 20, pl. 8; 20 H. VII. 5, pl. 15; 2 Roll. Abr. 569, *Trespass*, P. pl. 5; *Nicolls* v. *Bastard*, 2 Cr., M. & R. 659, 660. And as the bailee is no longer answerable to his bailor for the loss of goods without his fault, his right to recover must stand upon his possession, in these days at least, if it has not always done so. But possession is as much protected against one form of trespass as another, and will support an action for damage to property, as well as one for wrongfully taking or destroying it. No distinction has been recognized by the decisions. *Rooth* v. *Wilson*, 1 B. & Ald. 59. *Croft* v. *Alison*, 4 B. & Ald. 590. *Johnson* v. *Holyoke*, 105 Mass. 80. The ruling requested was obviously wrong, as it denied all right of action to the plaintiff, and was not confined to the *quantum* of damages.

Even if the question before us were whether the plaintiff could recover full damages, his right to do so could not be denied as

matter of law. A distinction might have been attempted, to be sure, under the early common law. For, although the bailee's right was undoubted to recover full damages for goods wrongfully taken from him, this was always accounted for by his equally undoubted responsibility for their loss to his bailor, and there is no satisfactory evidence of any such strict responsibility for damage to goods which the bailee was able to return in specie.

But if this reasoning would ever have been correct, which is not clear, it can no longer apply when the responsibility of bailees is the same for damage to goods as for their loss, and when the ground of their recovery for either is simply their possession. Any principle that permits a bailee to recover full damages in the one case, must give him the same right in the other. But full damages have been allowed for taking goods, in many modern cases, although the former responsibility over for the goods has disappeared, and has been converted by misinterpretation into the now established responsibility for the proceeds of the action beyond the amount of the bailee's interest. *Lyle* v. *Barker*, 5 Binn. 457. 7 Cowen, 681, n. (*a*). *White* v. *Webb*, 15 Conn. 302. *Ullman* v. *Barnard*, 7 Gray, 554. *Adams* v. *O'Connor*, 100 Mass. 515, 518. *Swire* v. *Leach*, 18 C. B. (N. S.) 492. The latter doctrine has been extended to insurance by bailees. *De Forest* v. *Fulton Ins. Co.* 1 Hall, 84, 91, 110, 116, 132. Crompton, J., in *Waters* v. *Monarch Ins. Co.* 25 L. J. (N. S.) Q. B. 102, 106.

If the bailee's responsibility over in this modern form is not sufficient to make it safe in all cases to recognize his right to recover full damages, even where it was formerly undoubted, at least it applies as well to recoveries for harm done to property as it does to those for taking. *Rindge* v. *Coleraine*, 11 Gray, 157, 162. And if full damages are ever to be allowed, as it is settled that they may be, they should be recovered in the present case, where the plaintiff appears to have made himself debtor for the necessary repairs with the bailor's assent. *Johnson* v. *Holyoke, ubi supra.* It is not necessary to consider what steps might be taken if the bailor should seek to intervene to protect his interest. *Exceptions overruled.*