# SPRING SESSIONS, 1901.

---•---

## State *vs.* William W. Pullen.

*Criminal Law—Larceny—Evidence—Aiding and Abetting—Intent—Claim of Right—Levy on the Property.*

1. . In a trial for larceny the defendant, whose defense is a claim of right based on a levy which he holds on the property alleged to have been stolen, has a right to prove such levy, and it is properly admissible in evidence.

2. In such trial, when the property is laid in the indictment as the property of A. B., the averment is sustained by proof showing he had that special property as a constable, and it is not at all necessary for the State to aver in the indictment that it was his property *as constable*.

3. Where a person takes goods under a claim of right, honestly and bóna fidely believing that he has a claim either in law or in fact, he may not be convicted of larceny, because the felonious intent to convert the goods to his own use is not present. Otherwise, if the intent was to convert them to his own use and the claim of right is a mere subterfuge.

4. If larceny is committed by another person, and the defendant aided, abetted, procured, commanded or caused such other person to commit it, he is equally guilty as the principal offender.

(*May 1, 1901.*)

Lore., C. J., and Spruance and Boyce, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*Henry Ridgely, Jr.,* and *Alexander M. Daly* for the defendant.

Court of General Sessions, Kent County, April Term, 1901.

Indictment for the Larceny of Two Horses, in the town of Milford, on March 1st, 1901, the said horses being laid in the indictment as the property of John M. Smoot.

At the trial, the State offered evidence tending to show the following facts : That in February, 1901, George F. Pierce recovered a judgment against Alexander Pullen, of Milford, Delaware, upon which judgment an execution was issued, and placed in the hands of John M. Smoot, then county constable ; that under this execution, Smoot seized two horses, described in the indictment as the property of Alexander Pullen, and took them away and placed them in the stable of one Edward Call, of Milford, as said Smoot's special property. That said horses were duly advertised for sale to satisfy the said judgment of Pierce, but that on the night preceding the day of the advertised sale, after eleven o'clock, the horses were taken out of the stable of Call, without his knowledge, entrance being gained by breaking the fastenings of the door of the stable; that between two and three o'clock the next morning one Howard Marvel, living in Milford, was called on by the defendant to go with him to drive these horses away ; that Marvel and Pullen drove the horses to Harrington, and there met a Mr. Wyatt, who went with them and they together drove the horses to Greensboro in the State of Maryland ; that the defendant admitted to Wyatt and Marvel that he had hired another man to take the horses out of Call's stable the night before for the purpose of delivering them to Pullen, to drive away. The defendant afterwards came back to Milford and was arrested and the horses were recovered in Maryland and brought to the State of Delaware.

The defendant admitted, when placed upon the stand, that he had the horses taken from the stable in Milford and delivered to him there and that he subsequently had them driven into Maryland, but justified his acts ; stating that his father was in failing circumstances and his mother, for whom he was acting as trustee, had an execution on the horses in question, and that after they were seized by the constable he was informed that his mother's claim would be ignored, and consequently what was done by him was for the purpose of protecting his mother's interests.

Defendant's counsel proved by the Sheriff of Kent County the

levy made upon said horses on the judgment of William W. Pullen, trustee for Clara R. Pullen his mother, against Alexander Pullen, on December 20th, 1900, and offered said levy in evidence. This was objected to by the Attorney-General as irrevelant, being no defense to the charge against the defendant. The objection was overruled and the paper admitted in evidence, the Court remarking that the effect of such evidence was a matter for argument to the jury.

LORE, C. J., charging the jury :

Gentlemen of the jury:—William W. Pullen, the defendant, is charged in this indictment with larceny. It is hardly necessary for us to define larceny further than to generally say that it is the felonious taking and carrying away of the goods of another with the intent to convert them to the use of the taker, without the consent of the owner ; and it is for you to say whether this crime has been made out by the State and whether this prisoner is guilty or not guilty.

The defendant has asked the Court in one of his prayers to direct the jury to bring in a verdict of not guilty, because the State has failed to adduce any testimony whatever that the property alleged to have been stolen was the property of *John M. Smoot*, as alleged in the indictment, contending that all the testimony of the State goes to the effect of showing that it was the property of *John M. Smoot, constable*. The indictment charges that it was the property of John M. Smoot, and does not aver that it was his property as constable.

The Court holds that that is rather a matter of proof than of necessary averment. And as has been well said in the case of *Com. vs. Morse, 14. Mass., 216*, " The averment will be made out · by proving that the goods stolen were either the general or special property of the person averred to be the owner ; " and inasmuch as under our law the constable had a special property in the goods and the property is laid in him, that averment of the indictment is sus-

tained by the proof showing that he had that special property as a constable, and it is not at all necessary for the State to aver in the indictment that it was his property as constable.

The Attorney-General has asked us to charge you, that although you may believe these goods were taken by some other person, yet that if the defendant aided, abetted, procured or commanded the taking thereof, he would be equally guilty with the principal—if it was larceny.

The statute upon that subject provides that every person who shall abet, procure, command or cause, any other person or persons to commit any crime or misdemeanor shall be deemed an accomplice and equally criminal as the principal offender. So that if you believe this is larceny, and that the defendant, aided, abetted, procured ar commanded, or caused any other person to commit it, he would be equally guilty.

And here you come down to the main proposition: Is he guilty of larceny?

It is incumbent on the State to prove that these goods were taken and carried away, that they were the property of some other person; and there does not seem to be any controversy between the two parties with respect to this, that the property was in another, and not in the defendant. But the controversy seems to be mainly upon the intent; the State claiming that when the defendant Pullen took the horses away, his intention was feloniously to convert them to his own use; the defendant contending that he took them under a claim of right; and about that point cluster the main issues of this case.

The Court say to you that where a person takes goods under a claim of right, honestly and bonafidely believing that he has a claim, whether he has any claim either in law or in fact, then he may not be convicted of larceny, because the felonious intent to convert them to his own use is not present. If, however, you believe his intent was to so convert them to his own use and that the claim of right was a mere subterfuge, your verdict should be guilty.

The intent is to be gathered from all the circumstances surrounding this case; from the acts and words of the defendant and any and every other matter of testimony that has come before you in this case and in this court-room, which will throw light upon the point of whether his intention was to convert the property to his own use; or whether what he did was done under an honest belief that he had a right and was protecting some other person's interest under a claim of right.

If you have a reasonable doubt as to his intent, that doubt should inure to his acquittal.

Verdict, not guilty.