CHARLES L. TERRY, SR., CHARLES L. TERRY, JR., and MAX TERRY, trading and doing business under the firm name and style of C. L. Terry and Sons, *v.* THE PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania.

2

(*October* 28, 1931.)

RICE and HARRINGTON, J. J., sitting.

*Charles L. Terry, Jr.,* and *James H. Hughes* for plaintiffs.

*John Biggs, Jr.,* and *Melvin Hopkins* for defendant.

Superior Court for Kent County, Action on the Case, No. 17, April Term, 1928.

.HARRINGTON, J., delivering the opinion of the Court:

It appears from the undisputed evidence that the plaintiffs as fruit brokers had in their possession for sale certain peaches belonging to the Frears and to Mr. Storey and that they delivered such peaches together with other

peaches, belonging to themselves individually to the defendant company for transportation to the desired market.

It, also, appears that while the jury found that there was negligent delay in the transportation and delivery of such peaches and that material damages· resulted, therefrom, no claim for any portion of such damages has ever been asserted, either by the Frears or .by Mr. Storey. In fact, their interests in the case have merely been called to our attention by the defendant company in its motion for a new trial and in arrest of judgment.

That both the real owners and the brokers as bailees could have recovered, in separate actions, the particular damages suffered by them from the negligent acts of˙ the defendant is conceded. *Hutch. on Car.* 1554; 5 *Cyc.* 207; *White, et al., v. Bascom, et al.,* 28 *Vt.* 268; *Elkins v. B. & M. R. R.·Co.,* 19 *N. H.* 337, 51 *Am. Dec.* 184.

That the plaintiffs as such brokers and bailees coupled with an interest in the peaches in question˙ could sue in their names and recover any and all damages resulting from such acts either to them as brokers, or to the real owners of such peaches must also be conceded. *Johnson v. Inhabitants of Holyoke,* 105 *Mass.* 80; *Baltimore & P. Steamboat Co. v. Atkins,* 22 *Pa.* 522; *White, et al., v. Bascom, et al.,* 28 *Vt.* 268; *Harker, et al., v. Dement,* 9 *Gill (Md.)* 7, 52 *Am. Dec.* 670; *Brewster v. Warner,* 136 *Mass.* 57, 49 *Am. Rep.* 5; *Great Western R. Co. v. McComas,* ˙ 33 *Ill.* 185; *Edgerton v. C., R. I. & P. R. Co.,* 240 *Ill.* 311, 88 *N. E.* 808; *VanZile on Bailments and Carriers* 406; 3 *R. C. L.* 37; 3 *Hutch. on Car.* 1553; *Angell on Corps.* 462; 10 *C. J.* 354; *Chit. on Pl. (4th American Ed.)* 51.

The same general rule is also applied to an action by a common carrier when property in its possession is damaged or destroyed by a negligent third person. 2 *Hutch. on Car.* 861; *Baltimore & P.·Steamboat Co. v. Atkins,* 22 *Pa.* 522.

The reason why recovery by the broker or other bailee of that character is not confined to the damages done to his

own particular interest in the property committed to his charge was apparently originally based on the theory that in case of the loss of such property he was bound to account to the real owner for its value though there was no fault whatever on his part. 2 *Hutch. on Car.* 834; 3 *R. C. L., p.* 155; 1 *Bacons Abr. (Bailment)* 618; 1 *Chit. on Pl.* (4th *American Ed.*) 172.

Whether the same rule applied to damages done to such property, but where it was actually returned to the bailor though in its damaged state, according to Justice Holmes, was not, however, beyond question. *Brewster v. Warner,* 136 *Mass.* 57, 49 *Am. Rep.* 5. See, also, *Wilson v. Rockland Mfg. Co.,* 2 *Harr.* 67.

However that may be, the old rule relating to the liability of the bailee to the bailor no longer applies and under the present rule a bailee, without fault on his part, is merely liable to his bailor for the surplus recovered by him from a negligent, or other tortious third person after deducting all proper costs and charges in connection with the bailment. 3 *R. C. L.* 128, 129; *VanZile on Bailment and Car.* 46; *Woodman v. Nottingham,* 49 *N. H.* 387, 6 *Am. Rep.* 526; *Baggett v. McCormack,* 73 *Miss.* 552, 19 *So.* 89, 55 *Am. St. Rep.* 554; *Little v. Fossett,* 34 *Me.* 545, 56 *Am. Dec.* 671; *Johnson v. Inhabitants of Holyoke,* 105 *Mass.* 80.

But whether based on a misconception of the foundation of the old rule or not, as we have already indicated, it seems clear that bailees such as the plaintiffs can now sue for the recovery of any and all damages resulting from the negligent act of a third person whether the property committed to their charge be lost or merely damaged. *Brewster v. Warner,* 136 *Mass.* 57, 49 *Am. Rep.* 5; 3 *R. C. L.* 127; *VanZile on Bail. and Car.* 46; 3 *Hutch. on Car.* 553; 1 *Bacons Abr.* 618; *Central Railroad of N. J. v. Bayway Refining Co.,* 81 *N. J. Law* 456, 79 *A.* 292, *Ann. Cas.* 1912*D,* 77.

Some Courts say that the right of the bailee in this particular is based on his special interest in the bailed property. 3 *R. C. L.* 129; 3 *Hutch. on Car.* 1553; *Great Western R. R. Co. v. McComas*, 33 *Ill.* 185. See, also, *State v. Pullen*, 3 *Penn.* 184, 50 *A.* 538.

Others say that strictly speaking his right is based on his possession, or right of possession of such property (*Brewster v. Warner*, 136 *Mass.* 57, 49 *Am. Rep.* 5; *Johnson v. Inhabitants of Holyoke*, 105 *Mass.* 80; *White, et al., v. Bascom, et al.*, 28 *Vt.* 268; *United States Express Co. v. Council*, 84 *Ill. App.* 491; 3 *R. C. L.* 129; *VanZile on Bail. and Car.* 46), but it is not necessary for us to determine that question.

██ ██ It is also a general rule that an agent must account to his principal and cannot in most cases set up in defense to an action by such principal the rights of third persons not asserted by them. This rule applies to the lawful possessors of property delivered to them by the real owners for sale and by them delivered to a carrier for transportation. That the defendant company cannot on its own motion set up the rights of Frear and of Storey in the peaches in question is, therefore, clear. *Great Western R. R. Co. v. McComas*, 33 *Ill.* 185; *Valentine v. L. I. R. R. Co.*, 102 *App. Div.* 419, 92 *N. Y. S.* 645; *Wells v. Amer. Express Co.*, 55 *Wis.* 23, 11 *N. W.* 537, 12 *N. W.* 441, 42 *Am. Rep.* 695; *White, et al., v. Bascom, et al.*, 28 *Vt.* 268; *Hutch. on Car.*, vol. 2, § 834.

██ From the rules above stated and from the fact that the right of the bailee to full recovery necessarily depends on the express or implied consent of the owner, it follows that the recovery of such damages by the bailee can always be pleaded in bar to any subsequent action by such owner. 3 *R. C. L.* 128; *Woodman v. Nottingham*, 49 *N. H.* 387, 6 *Am. Rep.* 526; *Johnson v. Inhabitants of Holyoke*, 105 *Mass.* 80; *Baggett v. McCormack*, 73 *Miss.* 552, 19 *So.* 89, 55 *Am. St. Rep.* 554; *Masterson v. International,*

*etc., R. R. Co. (Tex. Civ. App.)*, 55 *S. W.* 577; *White, et al., v. Bascom, et al.,* 28 *Vt.* 268; 1 *Bacons Abr. (Bailment)* 618.

 In fact, the general right of the plaintiffs as brokers in possession to recover full damages in a case of this character is practically conceded by the defendant company. It contends, however, that in order for this rule to apply it must appear from the declaration that the plaintiffs were agents or bailees of the Frears and of Storey in the shipment of a part of the fruit in question, and that otherwise the record would not operate as an estoppel in a subsequent action by them as owners. The only case cited in support of this contention is *Burton v. Hazzard,* 4 *Harr.* 100.

The rule as to the law of estoppel by record announced in that case must be conceded but no question of that character is involved here and under proper pleadings a prior recovery by the plaintiffs could be shown by the record supplemented by other appropriate proof. That this is true necessarily follows from many of the cases already cited. It is also shown by the fact that where property in the possession of a common carrier for transportation is stolen the indictment in a criminal prosecution for larceny may allege that such carrier is the owner without disclosing its special interest in such property or the name of the real owner. 2 *Hutch. on Car.* 861; *State v. Davenport,* 2 *Boyce* 12. See, also, to the same effect, in principle, *State v. Pullen,* 3 *Penn.* 184, 50 *A.* 538.

 This case involves a motion in arrest of judgment as well as for a new trial; we might, therefore, state that while in a tort action some right or interest in the subject matter of the action must appear in the plaintiff, though he may have a mere special interest therein, it is sufficient to allege a general title, or even mere possession in him. 1 *Chit. on Pl. (4th American Ed.)* 367, 373.

True, the declaration in this case does not specifically allege either ownership or possession of the peaches in question, by the plaintiffs, but it does allege delivery by them to the defendant company for transportation and delivery to a specified consignee "for said plaintiffs." It is, therefore, sufficient to support the plaintiffs' action on a motion in arrest of judgment.

For the reasons above given, the motion of the defendant company is overruled.