RAILWAY EXPRESS AGENCY, INC. *v.* GOODMAN'S NEW YORK AND CONNECTICUT EXPRESS CORPORATION.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 6—decided November 10, 1942.

*Sidney Vogel,* for the appellant (defendant).

*John S. Barton,* for the appellee (plaintiff).

JENNINGS, J. This case involves liability for the value of goods shipped by common carrier, taken from its possession by a third party. The suit was brought by the carrier against the converter. A demurrer was filed to the complaint but, in view of the subsequent trial on the merits in which the same legal issues were involved, the overruling of the demurrer did not harm the defendant. *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 Atl. 1084; Conn. App. Proc., § 41. Assignments of error attacking the finding are not pursued on the brief.

On October 26, 1939, the Enterprise and Century Undergarment Company, hereinafter referred to as Enterprise, delivered a large package containing goods of the value of $403.50 to the plaintiff for shipment to the Koblegard Company in West Virginia. Thereafter this package was taken from the possession of the plaintiff by the defendant owing to a mistake of the defendant's agent. The package was lost. Enterprise has credited the account of Koblegard with $403.50 but has been reimbursed by no one. Enterprise has brought suit against the plaintiff and the trustees of the New York, New Haven and Hartford Railroad Company to recover damages for negligent loss of the package, in which suit this plaintiff has

filed a general denial. That action has not been heard
or decided although it was returned to court before
the suit at bar. On these facts the trial court con-
cluded that the plaintiff had possession of the goods
as bailee, that the defendant converted them and that
judgment should be rendered for the plaintiff for their
full value, with interest.

The defendant claims that the pendency of the
prior suit rendered the trial of this one premature and
the recovery of full damages illegal. Its brief describes
the following statement of the applicable principles
of law as axiomatic: "For an injury to, or for con-
version of, bailed property, either bailor or bailee may
bring an action. A 'recovery' by one will bar an action
by the other. Where the action is brought by a bailee
for his special interest in the converted property and
the interests of the bailor, the bailee retains the value
representing his special interest and holds the balance
in trust for the bailor. But, if the bailee sues simply
for his special interest, the bailor may then recover
the damages representing the value of his property."
This concise statement appears to be a correct sum-
mary of the rules set forth in *White* v. *Webb*, 15 Conn.
302, 305, *Gillette* v. *Goodspeed*, 69 Conn. 363, 370,
37 Atl. 973, *First National Bank* v. *Broder*, 107 Conn.
574, 586, 141 Atl. 861, and 118 A. L. R. 1338, note,
and to contravene the claim of law of the defendant.
The latter attempts to avoid this result by citing this
dictum in the *Gillette* case (p. 370): "If goods in the
hands of a bailee are lost by the wrongful act of a
third party, the latter is liable to him for their full
value, unless the owner interposes by a suit for his
own protection." He argues from this that, since the
basis of the right of the bailee to recover is the express
or implied consent of the owner (*Terry* v. *Pennsyl-
vania R. Co.*, 35 Del. 1, 7, 156 Atl. 787), the bringing

of a suit by the latter, as in this case, is conclusive evidence of the withdrawal of that consent.

The courts are not in agreement as to the true basis of the right of the bailee to recover. 6 Am. Jur. 387, § 303; Holmes, Common Law, 167; 2 Beven, Negligence (4th Ed.), p. 907 et seq. Some rely on consent; *Terry* v. *Pennsylvania R. Co.,* supra; some on the right of possession; *Brewster* v. *Warner,* 136 Mass. 57; and still others on the special property of the bailee in the goods bailed; *Central Railroad* v. *Bayway Refining Co.,* 81 N. J. L. 456, 79 Atl. 292. Justice Holmes concludes in the *Brewster* case that the true theoretical right is based on possession. The reliance on a special property right is an almost necessary corollary to the modern doctrine that a bailee recovering full damages must account to the bailor for any excess over his special interest, such as, in this case, transportation charges. *Gillette* v. *Goodspeed,* supra. We hold that the theory supporting the bailee's right to recover on the ground of possession or special property is supported by the better reason and authority and that the defendant's claim, based on consent, is not valid. 1 Sutherland, Damages, § 139; Dobie, Bailments, pp. 27, 62. Its premise being false, its conclusion falls. In any event, while circuity of action might have been prevented if all parties had been joined or the actions consolidated, all interests are in the same court and their respective rights can be worked out under the procedure adopted. The defendant has no reason for complaint, since recovery by the plaintiff can be pleaded in bar in any action by Enterprise against the defendant. *Terry* v. *Pennsylvania R. Co.,* supra.

Numerous rulings on evidence were assigned as error. The only one pursued on the brief concerned testimony as to the fair market value of the goods

shipped, elicited by the plaintiff on cross-examination of its secretary. The ground of objection stated in the brief is that, the witness having been called by the defendant for a limited purpose, the cross-examination went outside of the field of the direct and the plaintiff should have made its secretary its own witness for that purpose, citing *Roberts* v. *New York, N. H. & H. R. Co.,* 107 Conn. 681, 690, 142 Atl. 455. On the trial, neither this ground of objection nor any other was stated. General objections will not avail on appeal if the evidence is admissible for any purpose. *Cunningham* v. *Cunningham,* 75 Conn. 64, 68, 52 Atl. 318; *State* v. *Hayes,* 127 Conn. 543, 603, 18 Atl. (2d) 895; Conn. App. Proc., § 44 (b). The evidence was relevant and had the objection been made on the ground stated an opportunity would have been given the plaintiff to call the witness on direct and to reach the same testimonial result.

There is no error.

In this opinion the other judges concurred.