EDWARD WILD v. CHARLES BURGHARDT

SUPERIOR COURT      MIDDLESEX COUNTY      FILE No. 8565

Memorandum filed May 15, 1947.

*Don Cambria,* and *Walter P. Staniszewski,* of Middletown, for the Plaintiff.

*Woodhouse & Schofield,* of Hartford, for the Defendant.

CORNELL, J. The proof establishes that on or about November 20, 1941, plaintiff was the owner of a motor vehicle, a pleasure car; that in the evening of that day he permitted one William Yoreo to use it to attend a party; that when Yoreo left the affair about 1 on the morning following he had with him two young ladies (each of whom is a plaintiff in another action against him) who had also been present; that while driving in a westerly direction on Millbrook Road in the town of Middletown a collision occurred between the plaintiff's car and another operated by defendant at the intersection of Millbrook Road with Randolph Road, as a result of which the plaintiff's car, except for its value as junk, was totally demolished. It has been determined in a companion case *Sophie Jarzabek* v. *Charles Burghardt,* Middlesex County, No. 8566, that the accident was the effect of the concurring negligence of the defendant here with that of the driver of plaintiff's car, Yoreo. As indicated supra, the operator of plaintiff's car was not the agent or servant of the plaintiff but a gratuitous bailee of the motor vehicle.

While in that case it was a bailee's rights which were involved, nevertheless the court approved a statement to the effect that a bailor may recover for the damage done to, or the conversion of, a chattel by a third party while the same was in the

possession of the bailee, in *Railway Express Agency, Inc.* v. *Goodman's Express Corporation,* 129 Conn. 386, 388. This accords with a statement in 6 Am. Jur. 389, § 305.

Defendant, however, as a special defense, has pleaded contributory negligence on the part of the bailee, Yoreo. As it is found in the companion case referred to supra that the collision was the result of the negligence of the bailee as well as that of the defendant, the question arises whether in an action by a bailor for injury or destruction of the subject of the bailment while in the bailee's possession against a third person, contributory negligence on the bailee's part will preclude a recovery by the bailor. It is noted that the rule formerly was that the contributory or concurring negligence of a bailee would be imputed to the bailor and so bar a judgment in his favor in such a case. The trend for many years has been in the opposite direction, however, so that at present the prevailing view of the authorities is that in such a case the contributory negligence of the bailee is held not to be imputable to the bailor and so does not prevent the latter's recovery for the damage or destruction of the bailed chattel due to the negligence of a third party. 6 Am. Jur. 393, § 310. This view has been adopted in Connecticut in the instance of a bailment for hire; *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 388; and, generally speaking, accords with the principles underlying the law of bailments. It is, in consequence, held that the negligence of the driver of plaintiff's car under the circumstances of this case, though it concurred with that of the defendant in causing the collision out of which the destruction occurred, is not available as a defense to plaintiff's recovery against the defendant. The issues are found for plaintiff. It is determined that the fair market value of the car at the time of the collision was $710 and that plaintiff received for what remained of it after the accident the sum of $100 so that his damage is $610.

Judgment may enter that the plaintiff recover from the defendant the sum of $610.