### JAMES H. SHAW *vs.* SAMUEL J. KALER.

A mechanic constructing articles of furniture under a contract by which his employer furnishes the materials and bench-room, and retaining the articles in his actual possession in the employer's workshop until their completion, may maintain an action for their conversion, against one who takes them from his possession, claiming under an alleged mortgage from the employer, of the existence of which there is no evidence.

TORT for the conversion of fifty-two piano cases. At the trial in the superior court, before *Reed*, J., without a jury, the judge found "that the plaintiff contracted with the defendant as foreman of George M. Guild, to make piano cases, at an agreed price for each, to be paid on delivery, Guild to furnish the material, and also bench-room for him; that a place for his bench was assigned to him in Guild's shop; that when the material was furnished it was taken and retained by the plaintiff in the portion of the shop assigned to him; that the plaintiff owned bench and tools, and employed and paid men to assist him in making cases,

that during the time when the plaintiff was making piano cases, he in said place retained the actual possession of them until on being finished they were delivered to the defendant; and that the cases in question were retained by the plaintiff in the manner above stated, and were in his possession at the time when the defendant, against the plaintiff's consent and claim to hold them under a lien for his work, took them, claiming them as mortgagee of Guild, of which mortgage he offered no evidence excepting his statement, made at the time when he took the property, that he held such a mortgage." Upon these facts the judge ruled that the plaintiff was entitled to recover, and ordered judgment for him ; and the defendant alleged exceptions.

*J. D. Thomson*, for the defendant.

*J. D. Long*, for the plaintiff.

AMES, J. The case finds that the plaintiff was in the actual possession of the property under a claim of right, and that the defendant's interference with it was the act of a mere wrongdoer. He took possession of it, not in the right of Guild, as his agent or for his benefit, but on the contrary he claimed it in his own right, under a mortgage from Guild. Of the existence of this mortgage, however, he furnished no evidence whatever. It must therefore be considered as a part of the case, that the title under which he professed to act had no existence, and that he was a mere trespasser. It has been settled by a long course of decisions, that possession is a sufficient title to support an action of trespass or trover against a party having no right. A mere wrongdoer is not permitted to question the title of a person in the actual possession and custody of the goods, whose possession he has disturbed. *Armory* v. *Delamirie*, 1 Stra. 504. *Rogers* v. *Arnold*, 12 Wend. 30, 37. *Winship* v. *Neale*, 10 Gray, 382. *Burke* v. *Savage*, 13 Allen, 408. In the action of trespass, as possession is *primâ facie* evidence of right, so a mere stranger cannot deprive the party of that possession without showing some authority or right from the true owner, to justify the taking. This sound and incontrovertible principle has been extended to trover, and it equally applies to replevin. Such is substantially the lan-

guage of the supreme court of New York in *Rogers* v. *Arnold,* above cited.

The case of *King* v. *Indian Orchard Canal Co.* 11 Cush. 231, is relied upon by the defendant, but appears to us to have very little bearing upon the question. The plaintiff in that case wholly failed to make out his own actual possession, and the defendants claimed under a bill of sale from the true owner. In both these particulars that case differed entirely from the case now under consideration.                                   *Exceptions overruled.*