ARTHUR HARRINGTON *vs.* WILLIAM KING.

Bristol. Oct. 25. — Nov. 20, 1876. DEVENS & LORD, JJ., absent.

A. delivered goods to B. on certain conditions, and, by the terms of the agreement, the goods were to remain the exclusive property of A. until paid for by B., and A. was to have the right to take possession on breach of the conditions. The conditions were broken, and B. went away, leaving the goods in the care of his brother, who lodged in the house which B. had occupied. The brother sold the goods to the defendant. Demands were made on the defendant by both A. and B., after the sale, and the defendant refused to give up the goods. *Held*, that B. had sufficient title in the goods to enable him to maintain an action of tort, in the nature of trover, for the conversion of the goods.

TORT for the conversion of certain household goods.

At the trial in the Superior Court, before *Allen*, J., it appeared that the plaintiff received the goods under the following agreement signed by him: "Received of Thomas O. Falvey, 15 Weir Street, Taunton, the following described goods and chattels, amounting in total value to fifty-eight dollars and seven cents,

to wit: [Here followed a description of the goods.] And for which I promised to pay $58$\frac{7}{100}$ in monthly instalments of seven dollars, due and payable on the thirtieth of each month until full payment has been made. It is distinctly understood and agreed that all said goods and chattels shall remain the exclusive property of said Thomas O. Falvey, and that I shall obtain no ownership therein until full payment has been made for the same according to this agreement; and I hereby authorize the said Thomas O. Falvey, or his agent, to take possession and remove said goods from my house whenever I shall for ten days neglect to pay the monthly instalments, I forfeiting all that has been paid thereon. It is mutually understood that in no case will goods be exchanged or taken back except by forfeiture, and that said goods shall not be abused by other than ordinary usage. In no case are the above described goods and chattels to be removed from the premises now occupied by me on Dighton Road, in the city of Taunton, without the written consent of the said Thomas O. Falvey. Any violation of the above conditions shall be considered trover and conversion."

The evidence tended to show that the plaintiff received of Thomas O. Falvey certain household goods, upon the conditions and stipulations contained in the above agreement. There was also evidence that the plaintiff had removed the goods from place to place in Taunton, other than that specified in the agreement, without the knowledge and consent of Falvey, and had failed to pay the instalments of the price for the goods, according to the terms of the agreement; that a year or more after the goods had been received by the plaintiff, he broke up housekeeping in Taunton, going to Pawtucket, Rhode Island, and his wife and child to New Bedford, leaving the goods in the house last occupied, in the care of a brother, who only lodged there; that a month or more after so leaving Taunton he returned, and on going to the house, for the purpose of removing the goods to New Bedford, without notifying Falvey of such purpose, found that the goods had been disposed of or sold by the brother, and some of them to the defendant, an auction and commission merchant; that thereupon the plaintiff made a demand on the defendant for the same, and his refusal to deliver them was relied on to prove the conversion alleged.. It also appeared that Falvey, after the alleged conver-

sion, made a demand on the defendant for the same goods, but the defendant did not give them up.

Upon this evidence, the defendant asked the judge to rule, as matter of law, that, at the time of the alleged conversion, the plaintiff had no such property or right of possession of the goods as would enable him to maintain the action. The judge refused so to rule, and ruled that the plaintiff had a title sufficient to enable him to maintain the action.

The jury found for the plaintiff; and the defendant alleged exceptions to the ruling given, and to the refusal to rule as requested.

*S. R. Townsend*, for the defendant.

*S. M. Thomas*, for the plaintiff.

COLT, J. The defendant only excepted to the ruling that the plaintiff had sufficient title to enable him to maintain this action.

The goods in question had been delivered by the owner under a conditional sale to the plaintiff. The right of the owner to resume possession for a breach of the terms of the agreement had not been exercised by him at the time of the alleged conversion. The possession therefore was in the plaintiff with the consent of the owner; and was not lost by the plaintiff when he left the goods in the house which he last occupied, in the care of his brother. Upon the facts disclosed, the brother must be regarded, with reference to these goods, as a servant or keeper, whose possession was the possession of the plaintiff. This is enough to support the action, even if the plaintiff is only to be regarded as a naked bailee. It is a leading principle that bare possession constitutes sufficient title to enable the party enjoying it to obtain a legal remedy against a wrongdoer; and accordingly it is held that a bailee without interest has a title arising simply from his possession, sufficient to maintain trover against one who wrongfully invades that possession. *Shaw* v. *Kaler*, 106 Mass. 448. *Burke* v. *Savage*, 13 Allen, 408. *Wilbraham* v. *Snow*, 2 Saund. 47 *a*, 47 *d*. Story on Bailm. § 133. *Armory* v. *Delamirie*, 1 Stra. 505. *Harris* v. *Smith*, 3 S. & R. 20.

Nor is this result varied by the fact that the general owner had made a demand upon the defendant after his conversion of the property, which was not complied with. It is settled that a

bailee who is responsible over to the owner is entitled to recover the full value of the goods, and that such recovery will be a good bar to an action by the latter. *Johnson* v. *Holyoke*, 105 Mass. 80. *Ullman* v. *Barnard*, 7 Gray, 554. 2 Kent Com. 585. Story on Bailm. § 94.

The case shows that the property had not been restored to the owner, and had not come to his use in whole or in part; so that there was no occasion for the application of the rule mitigating damages in such cases.                    *Exceptions overruled.*