DANIEL S. PRATT *vs.* BOSTON HEEL AND LEATHER COMPANY.

Suffolk.  Jan. 29. — Feb. 27, 1883.  FIELD & W. ALLEN, JJ., absent.

A bailee brought an action of tort for the conversion of goods. His bailor subsequently brought an action of replevin and obtained possession of the goods. In the replevin suit a finding was made for the defendant, for want of a demand before bringing the action, and the case was continued to await the determination of the action in tort. *Held*, that these facts showed no ground of defence to the recovery of full damages by the plaintiff in the action of tort.

At a new trial, granted upon motion of the defendant, in an action for the conversion of goods, on the issue of the value of the goods alone, no other question than their value is open to the defendant.

TORT for the conversion of fifteen bags of wool. Trial in the Superior Court, without a jury, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows:

There are two actions relating to the same property brought against this defendant. This was the first, and was brought on May 25, 1881. The second was an action of replevin, brought by George F. Moore on June 2, 1881. Moore owned the fifteen bags of wool in question, and placed them in the hands of this plaintiff as his bailee; and the plaintiff kept it in a building belonging to the defendant.

This action was brought to recover the value of the wool, on January 15, 1881, by reason of an alleged wrongful holding of the wool, and the wool was attached by order of the plaintiff as security for the judgment which might be recovered.

The defendant afterwards dissolved the attachment by giving a bond, and took the wool into its possession again; and Moore, by his action, replevied the wool on June 2, 1881, and still holds the same. Both actions were tried at October term 1881 of the Superior Court. This action was tried first by order of the court, and resulted in favor of the plaintiff; and it was found that the wool was worth forty-seven cents a pound on January 15, 1881. The replevin suit was then tried, and the court found for the defendant, solely on the ground that Moore had made no demand on the defendant for the wool before bringing his action; and that action was continued *nisi* by the court, to await the determination of this action, no order of return having been made. Upon the defendant's motion, and after hearing, a new trial was granted " on the issue of the value of the wool alone."

The case came on to be heard anew under said order at January term 1882; and the defendant objected to the admission of any testimony as to the value of the wool, on the ground that Moore, the owner, had replevied the wool, and still held it. The judge ruled that, under the order for a new trial, no questions were open to the defendant except such as were incidental to a determination of the value of the wool; and admitted the evidence.

The defendant asked the judge to rule that, although this plaintiff might have been justified in bringing his action on May

25, 1881, when Moore, on June 2, 1881, brought his action of replevin, the bailment was thereupon wholly terminated, and this plaintiff thereafter had no right to the immediate possession of the wool, nor interest in it; that no evidence ought to be admitted as to the value of the wool at the time of the alleged wrongful holding, and the plaintiff was entitled to only nominal damages; and that, if Moore was present and counselled with the plaintiff in bringing this action, it would still be a termination of the plaintiff's bailment when Moore brought his action of replevin.

The judge refused to rule as requested, but found as facts from the evidence, that, soon after this action was brought, and before the bringing of the replevin suit, Moore was informed of what had been done, and approved of it; that this action has been prosecuted ever since with his approval, and with the expectation on his part of availing himself of whatever benefits might be derived from it; and that he brought the replevin suit with the view of obtaining an additional remedy; and found the value of the wool on January 15, 1881, to be forty cents a pound, and modified the assessment of damages in the case accordingly; and ordered judgment for the plaintiff thereon. The defendant alleged exceptions.

*D. B. Gove*, for the defendant.

*C. E. Washburn*, for the plaintiff.

C. ALLEN, J. Since Moore did not prevail in his action of replevin, but was defeated therein, and since the defendant has not now and never had any authority from Moore to retain possession of the goods, it is difficult to see any ground of defence to this action growing out of Moore's relation to the property. *Harrington* v. *King*, 121 Mass. 269. 2 Kent Com. 566, and note. But the new trial was granted on the issue of the value of the wool alone; and no other question was open to the defendant. *Seccomb* v. *Provincial Ins. Co.* 4 Allen, 152. On both grounds, therefore, the entry must be　　　　　　*Exceptions overruled.*