## MATTHEW HERRIES *vs.* THOMAS BELL.

Middlesex.   January 18, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Lord's Day. Gift. Dog. Bailment,* Gratuitous bailee. *Evidence,* Presumptions and burden of proof. *Conversion. Damages,* In tort.

The gift of a dog voluntarily delivered to the donee on the Lord's day is valid.

If the lawful possessor of a dog with the consent of its owner delivers it into the possession of its former owner and no more appears, it cannot be inferred that the purpose of this delivery was to revest the title in the former owner by way of gift, sale or otherwise, and such delivery creates at the highest a gratuitous bailment revocable at the pleasure of the bailor without demand or notice.

If a dog, in response to a whistle of its former owner, leaves its lawful possessor and follows its former owner to his house where the former owner detains the dog against the demand of its lawful possessor, this constitutes a conversion of the dog for which its lawful possessor may maintain an action against its former owner.

The lawful bailee of a chattel or domestic animal who had possession of it with the consent of the owner, in an action of tort against one who wrongfully has deprived him of such possession, may recover the full value of the chattel or animal at the time of the conversion.

TORT for the alleged conversion of a Scotch collie dog named Duke.   Writ in the District Court of Central Middlesex dated November 20, 1912.

On appeal to the Superior Court the case was tried before *Brown,* J.   The facts which could have been found upon the evidence are stated in the opinion.   The plaintiff's wife testified that the action was brought with her approval.   At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon all the evidence in the case the verdict should be for the defendant.

"2. Upon all the evidence in the case the jury can assess only nominal damages.

"3. There is no evidence of the value of the plaintiff's possession of the dog in question.

"4. There is no evidence from which the jury can assess the amount of damage which the plaintiff sustained by having the possession of the dog in question taken from him by the defendant in the manner described by the plaintiff's evidence."

The judge refused to make any of these rulings, and instructed the jury, among other instructions to which no exception was taken, that (1) the plaintiff had shown sufficient evidence of possession to warrant the jury in finding a verdict for him, provided the dog did not belong to the defendant, and (2) that, if the plaintiff had possession of the dog and if he or his wife owned it, the defendant could not dispute the allegation that the dog was the property of the plaintiff, if the plaintiff's wife did not dispute the plaintiff's right to sue for the full value of the dog.

The jury found a verdict for the plaintiff in the sum of $218.80; and the defendant alleged exceptions to the refusal of the judge to make the rulings requested by him and to the instructions stated above.

The case was submitted on briefs.

*S. R. Cutler & H. W. James,* for the defendant.

*A. E. McCleary,* for the plaintiff.

PIERCE, J.. On a Lord's day in 1910, the defendant voluntarily gave and delivered to the plaintiff's wife a Scotch collie dog, for the alleged conversion of which this action was brought.

The gift, complete in itself, contains no element of labor, business or work. It is not an act of contract; it does not give rise to any contractual obligation, and it is not in violation of R. L. c. 98.

In May, 1911, the dog was delivered into the possession of the defendant by the plaintiff, with the consent of the plaintiff's wife, and was retained by the defendant until the autumn of 1911, when, secretly, with the approval of the plaintiff's wife, the plaintiff took it away.

The bill of exceptions does not state, nor can it be inferred therefrom, that the purpose of this delivery to the defendant was to revest the title by way of gift, sale or otherwise. Such delivery created, at the highest, a bailment at will revocable without demand or notice at the pleasure of the bailor.

The dog, while in the possession of the plaintiff, of its own volition or in response to the whistle call of the defendant, followed the defendant's team to the home of the defendant, and there was detained, under a claim of ownership, against the demand of the plaintiff.

At the time the dog followed the team at the call of the defend-

ant the plaintiff had the possession, and, by reason of the wife's consent thereto, the right to possession as against all persons other than the wife. The taking of the dog, and the refusal to deliver it on demand under an assertion of title, either or both, was a conversion. The plaintiff could maintain the action because of the wrong to his possession, and if also the right to possession were needed, the wife at the trial testified that she had granted it.

The plaintiff as bailee was entitled to recover full damages. *Pratt* v. *Boston Heel & Leather Co.* 134 Mass. 300. There was no error in the refusal to give the rulings requested or in those given.

*Exceptions overruled.*