ARTHUR HALLFORS & another *vs.* HORACE F. GOVE.

Worcester.    October 2, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Conversion. Mortgage,* Of personal property. *Attachment. Evidence,* Presumptions and burden of proof.

If the owner of a mortgage, in which the property mortgaged is described as certain specifically described personal property in a store "and all other property whatever name or description, now located at" the store, forecloses the mortgage by taking possession of all the personal property therein, he gains no title to property placed in the store by the mortgagor after the date of the mortgage and cannot maintain an action of tort for conversion against a deputy sheriff who enters the store, and, on a writ against the person who was the proprietor of the store at the time of the foreclosure of the mortgage, attaches and takes away only property which was not specifically described in the mortgage and was not in the store at the time the mortgage was given.

One who claims title to certain goods in a store by reason of a foreclosure of a mortgage cannot maintain an action of tort for the conversion of the goods against a deputy sheriff who after the foreclosure attached them on a writ against persons who were proprietors of the store at the time of the foreclosure if at the trial of the action the jury, on evidence warranting them in so finding, find that the goods were the property "of the several defendants or any of them mentioned and described in the writ under which they were attached and removed" by the deputy sheriff.

In an action of tort against a deputy sheriff for the conversion of certain goods which, while the plaintiff had them in his possession by reason of the foreclosure of a mortgage of personal property in a store, the defendant attached under a writ against the proprietors of the store, the burden is upon the plaintiff of proving that at the time of the attachment he had, besides possession of the goods, a complete property in them, either general or special.

A deputy sheriff is justified, on a writ against six persons as the proprietors of a store, in attaching goods in the possession of one who claims title to them by reason of a foreclosure of a mortgage of the property in the store given by three of such six persons, if at the time of the attachment the goods were the property of the defendants in the writ "or three of them or any of them."

TORT against a deputy sheriff for the conversion of certain flour, rye meal, baking powder, pie filling and extracts. Writ dated December 15, 1914.

The answer of the defendant, as amended, stated that the defendant as a deputy sheriff attached the goods alleged to have been converted on a writ in an action by Silas Peirce & Co. Ltd. *v.*

"Alfred Talvola et al., doing business as the Finnish Baking Co., . . . defendants and Arthur Hallfors and Ida Nurminen, . . . trustees."

In the Superior Court the action was tried before *O'Connell*, J. There was evidence tending to show that, on December 1, 1913, Sulo Siira, Aksel Salmi and Nestor Sporoos gave a mortgage, which belonged to the plaintiffs at the time of the foreclosure hereinafter described, of certain specifically described personal property "and all other property whatever name or description, now located at number 109 Mechanic Street, in" Fitchburg to secure the payment of $1,100; that on November 2, 1914, the plaintiffs foreclosed the mortgage by taking possession of the goods then in the store, including those described in the declaration; that on November 5, 1914, the defendant entered upon the store premises and, on a writ against Alfred Talvola, Axel Salmi, Suli Siira, Nestor Sporoos, Ivar Aglen and John Kerenen, doing business as the Finnish Baking Company, took possession only of the goods described in the declaration and removed them, and that none of the goods taken possession of by the defendant were on the store premises when the plaintiffs' mortgage was given and recorded.

It was admitted by the defendant that the value of the property taken by him was $311.71, and that there was a breach of the plaintiffs' mortgage at the time of foreclosure.

At the close of the evidence the plaintiffs requested the judge to rule and instruct the jury as follows:

"1. On all the evidence you must return a verdict for the plaintiffs for such sum as you may find from the evidence to be a fair market value of the property in question.

"2. On all the evidence you must return a verdict for the plaintiffs for such sum as you may find from the evidence to be a fair market value of" the property described in the declarations.

"3. In this case the plaintiffs are entitled to recover the fair market value of the property if you find from the evidence that the defendant carried the property away, or caused it to be carried away by his agents or servants, against the will and without the consent of the plaintiffs.

"4. I instruct you, as a matter of law, that on the evidence produced, the plaintiffs were in possession of the property in question at the time of the alleged conversion of the same by the defendant.

"5. If an officer, or his agents and servants, acting under him, break open a dwelling-house or such shop or other part of a dwelling-house that comes under the same roof and protection of a dwelling-house itself, for the purpose of making an attachment of the property therein, without the owner's consent, he is a trespasser and such attachment so made by means of such unlawful breaking is invalid."

"7. If you find from the evidence that the plaintiffs were in possession of the property in question, under their mortgage, for the purpose of foreclosing the mortgage at the time of the alleged conversion, then the burden is on the defendant to prove that the property was not embraced in the mortgage executed and delivered to the plaintiffs."

The requests were refused. In the course of his charge the judge, subject to an exception by the plaintiffs, instructed the jury as follows: "So far as this case is concerned I am going to ask you also to determine the question as to whether or not the property in question was the property of the five men who are mentioned in the writ under which the defendant made the attachment and removed it, or whether it was the property of any of the five. . . . If you should find . . . that the property in that store was the property of these five defendants or three of them or any of them, and this officer went there with the writ and took the property away he would be justified in what he did, if you are satisfied that it was the property of these defendants or any of them because he was representing the creditor, or he was representing at least the man who pretended and claimed to be a creditor of these five defendants, and if you find the property was theirs, he would have a right under that writ to attach it and take it away and would not be liable in this action."

The judge submitted special questions to the jury, which, with the jury's answers thereto, were as follows:

"1. Was the property described in the plaintiffs' declaration included in the property mentioned and described in the mortgage from Sulo Siira and others to Ida Nurminen as shown in exhibit one?" The jury answered, "No."

"2. Was the property described in the plaintiffs' declaration the property of the several defendants or any of them mentioned and described in the writ under which they were attached and

removed by Horace F. Gove, the defendant in this action?" The jury answered, "Yes."

There was a verdict for the defendant; and the plaintiffs alleged exceptions.

The case was submitted on briefs.

*J. G. Annala,* for the plaintiffs.

*T. Casey,* for the defendant.

BRALEY, J. The plaintiffs' title by purchase to the personal property for the alleged conversion of which they seek damages is derived from a duly recorded mortgage whose validity the defendant does not question. It is familiar law, however, that even if possession for the purposes of foreclosure had been taken, the title to after acquired property would not pass in the absence of a provision in the mortgage to that effect, which is not shown by the record. *Blanchard* v. *Cooke,* 144 Mass. 207, 222, 223. It appears that nearly a year had elapsed between the date of the mortgage and the commencement of proceedings to foreclose, during which the business of the bakery had been carried on by the mortgagors, and the jury were warranted upon conflicting evidence in finding as they did in answer to the first question, that "the property described in the plaintiffs' declaration" had not been mentioned in or covered by the mortgage. It accordingly is plain that the first, second and third requests could not have been given.

But if the answer is conclusive on this issue, the plaintiffs further contend, that having taken possession before the defendant, a deputy sheriff, attached the goods on mesne process in an action against the mortgagors, they had a possessory title sufficient to enable them to recover damages. *Shaw* v. *Kaler,* 106 Mass. 448, 449. It was discretionary with the presiding judge whether he would submit to the jury the second question, namely, "Was the property described in the plaintiffs' declaration the property of the several defendants or any of them mentioned and described in the writ under which they were attached and removed by . . . the defendant in this action?" *Hart* v. *Brierley,* 189 Mass. 598, 604. The plaintiffs, on whom the burden of proof rested, could not recover unless at the time the goods were attached and removed by the defendant they had therein a complete property, either general or special, as well as actual possession or the right to immediate possession. *Bacon* v. *George,* 206 Mass. 566, 570.

And the affirmative answer to this question having been fully justified by the evidence, the fourth and fifth requests became immaterial, while the seventh was properly refused. *Shaw* v. *Kaler*, 106 Mass. 448.

The property in question having been in the bake shop, the jury were also rightly instructed that if when seized they found it belonged to the mortgagors, the defendant had the right of removal for which he incurred no liability to the plaintiffs. *Platt* v. *Brown*, 16 Pick. 553, 556.

*Exceptions overruled.*