JOSEPH P. MANNING COMPANY *vs.* JOHN T. KEMPPAINEN & others.

Worcester.    September 22, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Mortgage,* Of personal property: after acquired property.  *Trustee Process.*
· *Attachment.*

In an action of contract by trustee process in a district court against two defendants, an attachment of goods in the defendants' possession in a store was made, and the trustee, after a judgment entered by default against the defendants, moved that he be discharged on the ground that one of the defendants several months before the action was begun had given him a mortgage of his undivided interest in the property in the defendants' possession and that, since the attachment, he had foreclosed the mortgage and had purchased the property at foreclosure sale. At the hearing of the motion, the judge found

that the trustee's mortgage contained "no after acquired clause" and that the goods attached had been acquired by the defendants after the date of the mortgage, and ordered the trustee charged. *Held*, that

(1) The mortgage containing "no after acquired clause," the trustee as mortgagee acquired no title by the foreclosure sale which he could assert against an attaching creditor of the defendants, and he was chargeable as trustee with the value of the after acquired goods which he purported to purchase at the foreclosure sale;

(2) It was immaterial whether the concern of which the defendants were members was a partnership of which the trustee's mortgagor was a member, or whether such mortgagor was the sole owner of the business and of its goods and fixtures, and evidence upon that question properly was excluded by the judge: the mortgage at any rate was invalid as against the plaintiff's attachment.

CONTRACT. Writ in trustee process in the District Court of Fitchburg dated December 5, 1927.

Proceedings in the District Court respecting the trustee are described in the opinion. A report to the Appellate Division of the Western District was ordered dismissed and the trustee appealed.

*T. K. Ware,* (*C. E. Ware* with him,) for the trustee, Merila.

*S. M. Salny,* for the plaintiff.

PIERCE, J. This is an action of contract begun by trustee process, and is before this court on appeal of the alleged trustee, Andrew Merila, from the decision entered on December 3, 1929, by the Appellate Division, dismissing the report of the District Court. The writ was dated December 5, 1927. The declaration is in two counts, each based on an account annexed for merchandise, tobacco, sold by the plaintiff and by its assignor to the defendants who carried on a retail merchandising business in tobacco under the name of "Trio Company." The defendants were defaulted and judgment was entered for the plaintiff for the sum of $2,051.03 and costs.

On the date of the writ a deputy sheriff made an attachment of the personal property of the defendants contained in a store, which had been operated by the defendant Kemppainen under the name Trio Company to within a few days of December 5, 1927. The judge of the trial

court found " that this action was properly brought under the provisions of G. L. c. 223, § 79." We must assume that the personal property of the Trio Company when attached was in the possession of the defendant or defendants.

At the first trial in the District Court, as disclosed directly and inferentially in the report, it appears that the defendant John T. Kemppainen on June 28, 1927, executed, delivered and recorded a mortgage of the stock and fixtures of the retail store then operated by the Trio Company; that this mortgage covered an undivided one-third interest in all the assets of the Trio Company and was given by Kemppainen to the mortgagee and alleged trustee, Merila, as security for a personal obligation to Merila of $4,000. The trial judge found that the mortgage contained no " after acquired clause."

It appears from the report that prior to June, 1927, both the plaintiff and its assignor had been making sales of merchandise each week to the Trio Company, and on June 28, 1927, each of said companies was a creditor of the Trio Company. The report discloses that the mortgagee and alleged trustee, Merila, on December 14, 1927, foreclosed at public auction the mortgage of an undivided third interest given by Kemppainen and that the property was sold for $4,000 to Merila. As respects this sale the trial judge found " that said Merila foreclosed said mortgage by public sale on December 14, 1927, and that all the stock on hand at the time of the attachment in the store was acquired after the date of said mortgage, [and] that said mortgage contained no after acquired clause."

At the first trial the judge ruled that " the interest of the defendant Kemppainen in the assets of the Trio Company at the time of the execution of the mortgage was that of a partner." He refused to rule " 7. The mortgage of the trustee Merila did not apply to the after-acquired goods "; " 8. This plaintiff is entitled to priority over the trustee Merila as to the value of after-acquired goods, which were seized by said Merila and sold

at the foreclosure sale, and said trustee should be charged for the amount thereof "; " 10.   A mortgage by one partner of his undivided interest in the partnership assets is valid but the lien created thereby is subject to the superior claims of the firm creditors.   It passes only the ultimate share of such partner, that is, the amount due to him after payments of the firm debts and the adjustment of the shares of his copartners "; and entered an order discharging the trustee Merila.   From this order and from the refusal to give the above requests the plaintiff claimed a report.   " No exceptions or report was filed or claimed by the trustee Merila."

The Appellate Division on said report ruled that requests numbered seven, eight and ten should have been given; and because of the prejudicial error in the denial of the plaintiff's requests numbered seven, eight and ten ordered a new trial solely " as to chargeability of alleged trustee Merila."   There was no appeal by either party from the decision of the Appellate Division.

At the trial in the District Court held after the first decision, the trustee Merila offered evidence tending to show that Kemppainen acquired sole ownership of the Trio Company before June 28, 1927, and was, when he executed the mortgage of that date, sole owner of the stock and fixtures of the retail store conducted at number 829 Main Street, Fitchburg.   The judge excluded all evidence presented by counsel for the alleged trustee relating to the partnership element of the Trio Company business, with particular reference to the transfer of the ownership of the Trio Company from the immediate predecessors in title of the business to the defendant Kemppainen.   He refused to rule as requested by the trustee: (1) " There was no partnership in existence at the time the mortgage was given by Kemppainen to Merila "; (2) " Kemppainen was the sole owner of the Trio Company business when he gave a mortgage of an undivided third interest to Merila, on June 28, 1927 "; (3) " The plaintiff's writ and declaration are drawn against John T. Kemppainen and Emil Lehtinen as individuals and do not set forth nor

allege any partnership existing "; (4) " That the attorney for the alleged trustee, Merila, inadvertently or through accident or mistake omitted to present evidence regarding the nonexistence of a partnership "; and (5) " That by reason of the failure of the alleged trustee's attorney to present this evidence the finding of a partnership was made by the trial justice, and to prevent a failure of justice this new trial ordered by the Appellate Division should include testimony relating to the nonexistence of the partnership." He found that at the time the " mortgage was given by Kemppainen to Merila, the Trio Company was a partnership, and said mortgage was of an undivided third interest of one partner in all the assets of said partnership for a personal obligation, and at that time the plaintiff and its assignor were creditors of said partnership "; that the mortgage " is invalid against said plaintiff "; and ordered " that said trustee, Merila, should be charged in this action for the entire amount of the plaintiff's claim as above stated with costs." No evidence was offered or received tending to overcome the finding of the trial judge that " all the stock on hand at the time of the attachment in the store was acquired after the date of said mortgage, " or, in the event that the trustee was chargeable, to control the finding that he " should be charged in this action for the entire amount of the plaintiff's claim." The alleged trustee duly excepted and claimed a report to the order of the judge charging the alleged trustee with the entire amount of the plaintiff's claim with interest and costs; to the action of the judge in declaring invalid as against the plaintiff the mortgage given by Kemppainen to Merila on June 28, 1927, and " in declaring that at the time said mortgage was given by said Kemppainen to said Merila the Trio Company was a partnership and that said mortgage was of an undivided third interest of one partner in all the assets of said partnership for a personal obligation."

On the facts reported the decision of the Appellate Division was right. There being no provision in the mortgage to the trustee whereby he could lawfully take posses-

sion and hold as security personal property which the defendant Kemppainen or the partnership Trio Company did not own at the delivery of the mortgage, it is plain the trustee as mortgagee acquired no title by the foreclosure sale which he could assert against an attaching creditor of the defendants, and equally plain that he was chargeable as trustee with the value of the after acquired goods which he purchased at the foreclosure sale. *Blanchard* v. *Cooke*, 144 Mass. 207. Regardless of the question whether Trio Company was a partnership of which Kemppainen was a member or whether the evidence if received would establish that Kemppainen at the date of the mortgage was the sole owner of the business and of its goods and fixtures, it is clear in either event that the mortgage of after acquired property given by Kemppainen was invalid as against the attachment of the plaintiff. *Hallfors* v. *Gove*, 225 Mass. 266. It follows that the entry must be,

*Order dismissing report affirmed.*