GEORGE BELLI, JR., *vs.* ALBERT C. FORSYTH.

Middlesex.    April 7, 1938. — September 14, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Bailment.    Release.*

The mere facts, that the bailee of an automobile, who was not an agent of the bailor and who had brought an action for personal injuries sustained in a collision in which the automobile was damaged, but at no time had asserted any claim for damage to the automobile, executed and delivered to the defendant a release purporting to be of all claims for personal injury and property damage resulting from the collision, and that the bailor witnessed the bailee's signature thereon, did not justify a ruling that thereby the defendant was released from liability in an action for damage to the automobile which had been brought by the bailor against him on the same day as the bailee brought his action.

TORT. Writ in the Superior Court dated March 14, 1929.

There was a finding for the defendant by *Greenhalge*, J., who reported the case to this court for determination.

*W. R. Donovan*, for the plaintiff.

No argument nor brief for the defendant.

QUA, J. This action is to recover for property damage which resulted when the plaintiff's automobile was struck by an automobile driven by the defendant.

The plaintiff had lent his automobile to his mother and his sister. It was being operated at the time of the accident in his absence at the direction of one or the other of these bailees and not on the plaintiff's business or for his benefit. On the same day on which this action was brought the bailees brought actions against the defendant for personal injuries to themselves, but made no claim in their declarations for any damage to the plaintiff's automobile. These actions by the bailees were settled and "disposed of" (in what way the record does not disclose), and releases were given by the bailees to the defendant of all claims for personal injury and property damage resulting from the accident. These releases were witnessed by the plaintiff. The judge found that the operator of the plaintiff's automobile was in the exercise of due care and that the defendant was negligent. There was no evidence that the bailees "made any specific claim for damage to plaintiff's automobile, nor that, if such claim were made at any time the plaintiff knew of it," and the judge states that he made no finding that any such claim was made by them with the knowledge or consent of the plaintiff. He ruled that the releases were a defence and found for the defendant.

The ruling as matter of law that the releases given by the bailees to the defendant were a defence to this action by the bailor cannot, we think, be supported upon this record. We suppose that this ruling was posited upon the line of cases holding that a bailee may recover for the entire loss resulting from injury to or conversion of the bailed property by a third person (*Brewster* v. *Warner*, 136 Mass. 57; *Harrington* v. *King*, 121 Mass. 269; *Pratt* v. *Boston Heel & Leather Co.* 134 Mass. 300; *Anthony* v. *New York*,

*Providence & Boston Railroad,* 162 Mass. 60, 65; *Herries*
v. *Bell,* 220 Mass. 243, 245) and upon an assumed corollary
from that doctrine to the effect that a general release by
the bailee which wholly ends all causes of action which the
bailee may have had against the wrongdoer must be pre-
sumed to end all claims for damages which might have
been asserted in such an action. But several of the cases
in which the rule itself is accepted, recognizing the injustice
which might result from it if actions could be prosecuted
and judgments based upon the full value of the property
recovered and collected by an irresponsible bailee behind
the back of the bailor, suggest the possibility that the rule
may be conditioned upon express or implied consent of the
bailor or upon a right on his part to protect himself in some
manner. *Johnson* v. *Holyoke,* 105 Mass. 80, 81. *Brewster*
v. *Warner,* 136 Mass. 57, 59. *Bowen* v. *New York Central
& Hudson River Railroad,* 202 Mass. 263, 269. *Field* v.
*Early,* 167 Mass. 449. Moreover, the right of the bailor
himself to maintain his own action is well established, and
no reason appears why his right should be regarded as
inferior or subordinate to that of the bailee. *The W. C.
Block,* 71 Fed. (2d) 682. *Bresnick* v. *Heath,* 292 Mass.
293, 296. *Gibbons* v. *Denoncourt,* 297 Mass. 448, 459. Am.
Law Inst. Restatement: Torts, § 219, Comment b. Thus
in *Rindge* v. *Coleraine,* 11 Gray, 157, 161–162, it was held
that where the bailee had brought an action for personal
injury but not for property damage the bailor might never-
theless maintain his action for the property damage. And
after a careful discussion of the changes brought about by
time in this part of the law, this court held in *Nash* v. *Lang,*
268 Mass. 407, that the bailor could recover his full loss not-
withstanding contributory negligence of the bailee. On page
414 it is said that neither such negligence, nor the fact that
the bailee can sue, nor the fact that the bailor may have an
action against the bailee deprives the bailor of his action
against one who has damaged his property.

In view of these cases and of the reasoning on which they
rest it is difficult to see how, when the plaintiff as bailor
brought his own action on the same day on which the

bailees brought their actions (in which as in *Rindge* v. *Coleraine, supra,* they made no claim for damage to the plaintiff's property), it can be said that the plaintiff has impliedly assented that the bailees should represent his interests, if such implied assent is necessary. It is even more difficult to see how, in any event, he has lost his right to proceed with his own action, which he had a right to bring, because the bailees, who were not his agents, and whose claims were not held jointly with his, have released their claims without, as could be found, in truth and in fact even attempting to deal with his. Under these circumstances, to give that effect to mere releases, to which the plaintiff was not a party, because of the generality of their terms and because of the ancient rule permitting recovery of the entire loss by a possessor seems to us to go beyond authority in this Commonwealth and to reach a result in opposition to the present trend of our law.

It must be remembered that the burden was upon the defendant to prove a release, discharge or satisfaction adequate in law to bind the plaintiff, *Shapiro* v. *Lyon,* 254 Mass. 110, 116, and that, as the plaintiff was not a party to the releases, he is not bound by their terms as written instruments. *Johnson* v. *Von Scholley,* 218 Mass. 454. *Guaranty Security Corp.* v. *Eastern Steamship Co.* 241 Mass. 120, 123. *Tripp* v. *National Shawmut Bank of Boston,* 263 Mass. 505, 511. At least, therefore, it would seem that the defendant must show that the settlement money was in truth paid and received in full satisfaction for all the damage done to the automobile and not merely in satisfaction for the personal injury and property claims of the bailees. As we construe the report there was not even any evidence of this, unless the terms of the releases themselves may be considered as some evidence. At any rate it could not be ruled as matter of law that the releases were a defence.

We do not undertake to forecast what we would decide if the bailees had actually claimed and secured satisfaction, with or without judgment, for the full amount of the damage. See Am. Law Inst. Restatement: Torts, §§ 249, 250; *Corcoran* v. *Huntington Lumber & Coal Co.* 206 N. Y.

Sup. 752, affirmed, 211 App. Div. (N. Y.) 803; *Harris* v. *Seaboard Air Line Railway*, 190 N. C. 480, 483, 485–486; *The W. C. Block*, 71 Fed. (2d) 682.

No importance is to be attached to the bare fact that the plaintiff witnessed the releases. It does not follow that he intended thereby to waive any of his own rights, or even that he knew what the papers were.

In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $570.

*So ordered.*