Mason, J.
This is an action of tort for conversion of a saw mill and an edger. The declaration alleges an unlawful taking of said saw mill and edger, a demand for the return of the property, and a refusal to comply with such demand. There are also allegations of special damages. The answer is a general denial, followed by this statement:
“And further answering the defendants say that at the .time of the alleged conversion of said goods the plaintiff had no right of control or dominion over said goods.
“And still further answering the defendants say that said saw-mill set out in said declaration was purchased by said defendants in good faith from the title owner of said mill and that at the time of the alleged conversion *107 the said plaintiff was not entitled to ownership or possession thereof.”
This case was tried together with a case by the same plaintiff against the Dance Co. The Trial Court made full and careful findings, which it is not now necessary to repeat in full. The plaintiff had a written contract with the Massachusetts Timber Salvage Administration to saw logs into lumber and pile the same at Thayer Field in Lancaster, Massachusetts. To perform his part of this contract he bought certain property from the Dance Co.
We quote from the findings of the Trial Court:
“The equipment purchased may be described as a mill, an edger and a trimmer. There was a special conditional sale contract for each. The mill cost $633.00 and was to be paid for at the rate of $1.00 per thousand board feet measure of all lumber sawed or manufactured and paid for by the Administration after the date of the contract, March 20th.
“The contract for the edger costing $248.35 was also made March 20th. It provided for the cash payment of Fifty Dollars that day and the balance to be paid by a note maturing April the 20th. The plaintiff gave Dance Company a check for fifty dollars and a note for $198.35 to meet this requirement. The check went to protest for insufficient funds and on March 30th the plaintiff paid Dance Company twenty dollars cash in partial balance of the dishonored check. The balance of the amount of the check he has not since paid. The note has never been paid nor was any demand for its payment made after it came due.
“The contract for the trimmer costing $631.33 was made April 18th and provided for the payment of one dollar per thousand board feet measure of all lumber sawed or manufactured and paid for by the Administration after that date.
“At some time before said note for $198.35 came due, the plaintiff and Dance Co., had an oral understanding and agreement that the provisions for payment set forth in the three conditional sale contracts were waiv *108 ed and that the plaintiff would pay at the rate of One Dollar per thousand board feet on all three combined. The total amount due on the three agreements was $1512.68.”
Hearing that the Massachusetts Timber Salvage Administration was not satisfied with the work of the plaintiff under his contract with the 'Administration, and had can-celled that contract, the Dance Co. took possession of all of said property, and sold it to the defendant on a written conditional sale contract. The defendant took immediate possession of the property. This was done in the temporary absence of the plaintiff. As a matter of fact the contract between the plaintiff and the Masachusetts Timber Salvage Administration was legally cancelled three days after the sale by the Dance Co. to the defendant. At this time the plaintiff was not in default in the performance of the terms of the conditional sale agreements as modified by the oral agreement. The plaintiff made immediate demand on the defendant for the return of the property. This demand was refused. The plaintiff made no tender to the Dance Co. within fifteen days of the repossession, of any balance due on said conditional sales contracts.
The Trial Court found for the plaintiff in the sum of $921.72, the value of the property at the time of conversion with interest thereon. There was no finding of the special damages alleged in the declaration. The defendant being aggrieved claimed a report.
Both parties filed requests for rulings. The defendant has argued only the following propositions:
1. That there was no conversion because the repossession by the Dance Co. was rightful.
2. That the damages were excessive.
3. That there was no consideration for the new contract, or oral modification of the conditional sale contracts.
*109 First. It is obvious from the above statement of facts that, if the original conditional sale contracts were orally modified as found by the Trial Court, the plaintiff was not in default, and the Dance Co. was not entitled to repossess the property. Such repossession was both a breach of contract, and a conversion of the property. The sale of the property by the Dance Co. to the defendant therefore conveyed to the defendant no right to interfere with the plaintiff’s possession of the property. Such interference was itself a conversion, even without a demand by the plaintiff for the return of the property.
The same result is reached if the oral modification of the original conditional sale contracts is found of no effect by reason of lack of consideration.
Gr. L. (Ter. Ed.) chapter 255 section 11 is as follows:
‘ ‘ Except as otherwise provided in chapter one hundred and fifty-nine, if a contract for the sale of personal property is made on condition that the title thereto shall not pass until the purchase money has been fully paid and the vendor upon default takes from the vendee possession of the property, the vendee may, within fifteen days after such taking, redeem the property so taken by paying to the vendor the full amount then unpaid, with interest and all lawful charges and expenses due to the vendor. ’ ’
The sale by the Dance Co. to the defendant was within fifteen days of the repossession. Under the plain implication of the decision in Thomas G. Jewtt, Jr., Inc. v. Keystone Driller Co., 282 Mass. 469, such sale was itself a conversion by the Dance Co.
In this connection it is to be noted that the transaction between the Dance Co. and the defendant was a sale of property, and was not an assignment to the defendant of the rights of the Dance Co. under the conditional sale contracts with the plaintiff.
*110 Second. The rule as to measure of damages in case of conversion, where there has been no return of the property, is settled beyond question. It is the value of the property at the time and place of conversion, with interest. Beecher v. Denniston, 13 Gray 354; Shaw v. Kaler, 106 Mass. 448; Colcord v. McDonald, 128 Mass. 470; Hunt v. Boston, 183 Mass. 303; Desseau v. Holmes, 187 Mass. 486; Kromnan, Inc. v. Bunn Bros. Inc., 265 Mass. 549; State Street Trust Co. v. Lawrence Mmmfacturing Co., 284 Mass. 355.
This rule has been applied in an action by a conditional sale vendee, Harrington v. Kmg, 121 Mass. 269; in favor of a pledgee, Pomeroy v. Smith, 17 Pick. 85; in favor of the lessee of a piano sold on a lease, Lee v. Gorham, 165 Mass. 130; and in favor of a conditional sale vendor of property, although the value of the property was greater than the vendor’s interest in it, Lorain Steel Co. v. Norfolk & Bristol Street Railway. Co., 187 Mass. 500.
Third. The defendant argues that the oral contract, or modification of the conditional sale contracts, was without consideration, and therefore of no effect. Much might be said upon this point, but the question is not raised by any of the requests for rulings. There is no discussion of this point in the decision of the Trial Court, and apparently at the trial this question was not brought to the attention of the Court. Under these circumstances we do not deem it proper to say anything further about it.
We find no prejudicial error, and the report must be dismissed.