Adlow, J.
Two actions of tort arising* from the same accident, submitted on agreed statements of fact, and which on report raise identical legal issues are herein considered.
The following agreed facts are pertinent: On October 20, 1941 a 'collision involving the cars of William Zinner and the defendants, Gillineau and Furbush, took place. Zinner brought claims against both Gillineau and Fur-bush for the damage done his car, and-both claims were settled and .releases given to the defendants by Zinner. It is agreed that Zinner’s car was damaged to the extent of $429.55 and that he was paid the full 'amount of the damage by the defendants. At the time of the accident Zinner had possession .of it under a conditional sales contract, the *174 actual title to the car being in the Associates Discount Corporation plaintiff in these actions. Subsequent to the settlement and before the car was repaired, it was repossessed ,by the Associates Discount Corporation which in these actions seeks ito recover from Flrrbush and G-illineau for the damage caused to the car iby them. The court found for the Associates Discount Corporation in these actions 'and the propriety of these findings is raised by these reports.
The relationship between the Associates Discount 'Corporation and Zinner was that of conditional vendor and conditional vendee, or, as can be more generally described, of bailor and bailee. In the event of damage ito the automobile held under such an agreement the person responsible for the damage would be answerable to either the bailor Nash v. Lang, 268 Mass. 407 at 414 or the bailee, Brewster v. Warner, 136 Mass. 57. The bailee suing in these circumstances would not be limited to the recovery of the value of his special interest only, but could recover the full value of the damage caused, he being accountable for any excess over his interest to his bailor. Caswell v. Howard, 16 Pick. 562, Pomeroy v. Smith, 17 Pick. 85, Johnson v. Holyoke, 105 Mass. 80, 81, Shaw v. Kaler, 106 Mass. 448, Brewster v. Warner, 136 Mass. 57, 59, Herries v. Bell, 220 Mass. 243, N. E. Box Co. v. C. & R. Construction Co., 313 Mass. 696 at 709. While both the bailor and bailee have the right to sue for the damage, a recovery by either will bar any action by the other. Johnson v. Holyoke, 105 Mass. 80, 81, Harrington v. King, 121 Mass. 269, 271. See Holmes, Common Law, p. 172.
It is agreed that the amount paid ,by the defendants to the bailee was the full amount of the damage to the automobile. See Belli v. Forsyth, 301 Mass. 203.
*175 ■Since the matter was presented upon a case stated the requests f or rulings are of no consequence and need not be considered. Antoun v. Commonwealth, 303 Mass. 80, 81, Redden v. Ramsey, 309 Mass. 225, 227.
The only question presented by the report is whether the trial judge ordered the correct judgment on the agreed facts. Howland v. Stowe, 290 Mass. 142, 146.
A majority of this division is o'f the opinion that upon the agreed facts the plaintiff’s actions were barred and that there should have been a finding for the defendants. Finding for plaintiff vacated. Judgment in each action to be entered for the defendant.