¡Caes,, J.
dissenting. These oases present the situation where two persons negligently damaging a bailed automobile in the possession of the bailee .make .voluntary payment to the bailee of amounts covering the full damage to the property, receive full releases from the bailee and are thereafter sued by the bailor for his damages.
The law relating to action by bailor and bailee for injury to the bailed article and for its conversion is accurately stated in the opinion of the majority of the court. I adopt all the authorities cited in that opinion. In addition to these, the best summary of the law which I have read is contained in the Bestatement of the Law of Judgments, see especially section 88. I wish here to state the law a little more in ¡detail and to make sure that, even if the decision of the trial judge is reversed, there is no intention to overrule previous decisions of this division on the subject (see Associates Discount Corporation v. Reeves, No. 112760 of this court 57 Appellate Division 162.)
, By gradual .development from the days of the .Tear Books it has become the law that with certain limitations, both the bailor and the bailee have cause of action against a wrong doer who converts or injures tiihe bailed property. Holmes Common Law, p. 170 et ,seq.
*176 By such development and by judicial fiat, it is now the law that the bailee in his action against the wrong doer is acting in behalf of the bailor and may recover the complete value of the damages ¡both to his .own' interest and to that of the bailor. Whatever he recovers and receives ever his own injuries, he holds for the bailor. It is the judicial assumption that he will turn it over to the bailor, an assumption perhaps having greater force in the days of King Edward the third.
■A judgment ialone in favor of the bailee does not preclude the bailor from proceeding against the wrong doer; to be precluded there must be not only a judgment but there must be payment of the judgment to the bailee. Thus if the bailee brings his action and fails because of his own wrong doing as where the bailee is barred by his own contributory negligence, the bailor may proceed against the wrong doer.
The authorities cover cases where action has been brought by the bailee and judgment has been satisfied so that the bailee obtains something to hold for the bailor. The .right of the bailee to recover not only his own .damages but .also those of the bailor has ,a long historical (back ground. It .seems clear that legal rights of recovery were affe'cted by the limited legal processes available in the early days. (cf. Holmes Common Law, pp. 170 et seq.) If the action on the case had been available when trespass ¡and trover had to be used, the rights of the bailor might have been left -to him to enforce, and it would not have been necessary to create the legal fiction that the bailee in bringing his action was acting for the bailor. I doubt very much, if ,the question newly arose in this day with its more( elastic modern forms of action, that this result would be reached. ,
*177 Outside the confines of the fiction of this legal form of procedure the situation is very different. It has been held that the bailee is not the agent of the bailor. Nash v. Lang, 268 Mass. 407, 414. Ordinarily, the power of an agent includes the power to subject the principal to personal liability: A bailee, however, has as such no power to subject the bailor to liability in contract or in tort or to make contracts respecting the property. Restatement of the Law of Agency, sec. 12. Mechem Agency sec. 54, sec. 2110. Mere possession of the bailee, without some appearance of power of disposition as where the bailee is a seller of such bailed article is not evidence of power to dispose. It is a general principle that no one can be deprived of his property 'without his consent or voluntary act. Mechem, secs. 2112, 2107.
The extent to which business is now carried on through such bailments as exist in these cases, and the obvious lack of responsibility in many bailees, including as it may be inferred the bailee in the situation before us, suggest that the theory of the Mear .Books should not be further extended. It seems better to hold that a wrong doer dealing with (a bailee in regard to 'bailed property, if fie wishes to absolve himself from liability to the true owner, should follow the historical .steps .and protection should be given to him only who settles with the bailee on the basis of judgment entered and paid. A person dealing with another always has to be on guard that the other has authority and he is no worse off if he has to be sure of his right to deal with a person who in fact is a bailee.
There is no evidence in the pending cases that any action was brought by the bailee against either .of the wrong doers. All that appears is that the parties got together and that the wrong 'doers voluntarily made payment to the *178 bailee, in return for his releases, cf. Belli v. Forsyth, 301 Mass. 203, 206.
Whichever way the question is decided the relations of bailee and bailor and wrong doer are left in an unsatisfactory condition. I't may be that the remedy lies only with the Legislature.
In my opinion the report should be dismissed.