Keniston, C. J.,
dissenting: I am in accord in large part with the statement of the law as set forth in the majority opinion but I disagree with the conclusion reached. It seems to be well established that ordinarily either the bailor or bailee may recover from a tortfeasor the entire damage caused to the bailed property, Caswell v. Howard, 16 Pickering 562; Pomeroy v. Smith, 17 Pickering 85; Johnson v. Holyoke, 105 Mass. 80, 81; Shaw v. Kaler, 106 Mass. 448; Brewster v. Warner, 136 Mass. 57; Herries v. Bell, 220 Mass. 243; and recovery by either one will bar an action by the other. Johnson v. Holyoke, 105 Mass. 80, 81; Harrington v. King, 121 Mass. 269, 271-272; Field v. Early, 167 *79 Mass. 449. The tortfeasor cannot restrict his liability to a bailee to the special property interest of the bailee, but will be held for the entire damage to the bailed property.
This division recently held in the case of Associates Discount Corp. v. Gillineau et al., supra, that where it was admitted that the settlement made by the tortfeasor with the conditional vendee was for the full amount of the property damage the conditional vendee was barred from recovery again from the tortfeasor. This decision has been appealed and may be decided otherwise by the Supreme Judicial Court. It seems to me that it is immaterial whether the bailee has recovered as a result of a judgment following a suit or by a settlement of a claim if there has been a complete recovery for the damage as evidenced by a release under seal given by the conditional vendee, at least, as in the present case, where the defendant had no knowledge either actual or constructive that the conditional vendee did not have the entire ownership of the property and where the tortfeasor has acted in entire good faith.
In this case the settlement was for both personal injuries and property damage in the amount of $250 and a release under seal was given releasing in full all claims for both personal injuries and property damage. The defendant has acted in entire good faith. It was not agreed, that the property damage was $259.10. The report merely states that it was “agreed that an estimate of the cost of repairs for the damage to the plaintiff’s motor vehicle in the amount of $259.10 might be admitted in evidence.” It would seem to me that the defendant having made a settlement in full with satisfaction thereof with the conditional vendee, that the release given by the vendee covering the full property damage should bar the conditional vendor’s right of action and that the defendant should not be subjected to a further suit on the part of the conditional vendor to determine if *80 the.'settlement made was adequate to cover the full amount of damages claimed by the conditional vendor. The conditional vendor should look instead to the conditional vendee for its satisfaction for the damage sustained to the property, either under the relationship which existed between them as conditional vendor and vendee or under the rights existing under the conditional contract of sale. If the conditional vendee is irresponsible so that some loss must be . borne either by the conditional vendor or by the tortfeasor it would seem not inequitable that it should fall upon the conditional vendor as it has seen fit in the first instance to entrust the conditional vendee with possession and all apparent incidents of ownership in the automobile including that of allowing the registration of the car in the vendee’s name although it could if it desired have had the car registered in its name or in its name and the name of the conditional vendee. Downey v. Bay State Street Railway, 225 Mass. 281; Temple v. Middlesex & Boston St. Ry., 241 Mass. 124.
. The case of Belli v. Forsyth, 301 Mass. 203, has left this question undecided. I feel that a conditional vendor should be barred by a settlement in full and a release of all property damages by a conditional vendee. It is my opinion .that the defendant’s second request should have been granted and it would follow that a finding for the defendant should have been ordered.