## *Southern District*

## O'BRIEN TRANSPORTATION CO., INC.

### v.

## CHARLES GILL

*Present:* Nash, P. J., Welch & Sgarzi, JJ.

Case tried to *Colten, J.,* in the District Court of Southern Norfolk. No. 13250.

*Sgarzi, J.* This is an action of tort in which the plaintiff seeks to recover for damage caused to its motor vehicle by the

negligence of the defendant, his agents or servants. The answer is a general denial, allegation of contributory negligence, violation of law and denial of agency.

*At the trial there was evidence tending to show that* a collision occurred at 7:30 A.M. on July 9, 1957 on Southworth Street in the Town of Stoughton between a motor vehicle owned by the plaintiff and operated by its President, one William O'Brien and a motor vehicle owned by the defendant and operated by one Thomas B. Hann. Mr. O'Brien was driving from his place of employment to Canton Street in Stoughton for the purpose of driving to work a Mrs. Allen who was an employee of the plaintiff. This was a frequent occurrence since there was a bus strike and there was no other way for Mrs. Allen to get to work on time. Mr. O'Brien was on his way back to the office when the collision occurred. He was driving down a dirt road leading to Southworth Court when he saw the defendant's vehicle 150 feet down the street. His vision became obscured by a clump of trees to his right but he continued driving his car into Southworth Court and was in collision with the defendant's car.

Thomas B. Hann, the operator of the defendant's car was an employee of one Charles Ruggiero. The defendant had asked Mr. Hann to pick up his car at his house and drive it to the service station of Mr. Ruggiero to be greased and have the oil changed. This had been done many times before and the defendant had always paid the bills to Mr

Ruggiero. Mr. Hann testified that he drove on the extreme right side of the road at 15 to 20 miles per hour, that he did not see the plaintiff's car until the accident occurred, when it crossed the center line of the road and struck the defendant's car. The damage to the defendant's car was on the left front fender and the damage to the plaintiff's car was on the right front fender.

At the conclusion of the evidence the defendant submitted and the court denied the following requests for rulings of law:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by him to the plaintiff.

5. The evidence does not warrant a finding that the operator of the defendant's car was an agent of the defendant.

The judge made the following special findings.

"I find for the plaintiff in the sum of $693.85 and I find that the operator of the defendant's car was an agent of the defendant and said operator was guilty of contributory negligence. I further find that the operator of the plaintiff's automobile was a bailee."

The defendant, claiming to be aggrieved by the denial of his requests for rulings and by the special findings seasonably made his claim for report.

It is conceded by the plaintiff in its brief that the report places in issue:

1. Whether the operator of the defendant's car was a person for whose conduct the defendant was legally responsible.

2. Whether the plaintiff corporation was a bailor.

While the judge made no specific finding of negligence on the part of the operator of the plaintiff's vehicle it is obvious that he found both operators negligent. His finding that the operator of the defendant's car "was guilty of contributory negligence" is to be interpreted as a finding that the collision was caused by the negligence of the operator of the plaintiff's vehicle but that the operator of the defendant's vehicle was also negligent and his negligence contributed to the occurrence.

The term "contributory negligence" is ordinarily used to describe conduct of a plaintiff which bars him from recovery in an action of tort for negligence notwithstanding proof of negligence on the part of the defendant. *Murphy v. Deane,* 101 Mass. 455; *Duggan v. Bay State St. Ry.,* 230 Mass. 370. While the term is not ordinarily used to describe conduct of a defendant, it is nevertheless clear that negligence on the part of both operators was found. It is also clear from the facts reported that such a finding was warranted. However, the judge made the further finding that the operator of the plaintiff's vehicle was a bailee and consequently allowed recovery by the plaintiff. *Nash v. Lang,* 268 Mass. 407; *Belli v. Forsythe,* 301 Mass. 203.

A bailment exists when there is a delivery of personal property by one party to another to be held for an intended purpose and to be returned when that purpose is accomplished. Where there is a bailment the owner is not responsible for the acts of the bailee unless the bailee was performing a duty as agent or servant of the bailor. *Nash v. Lang,* 268 Mass. 407; *Phillips v. Gookin,* 231 Mass. 250; *Belli v. Forsythe,* 301 Mass. 203.

The operator of the plaintiff's car was engaged in transporting a fellow employee from her home to her work. She was not otherwise able to get to work because of a bus strike. There is no evidence that the plaintiff was required to furnish transportation to the employee as a condition of employment and it is to be inferred that it was the responsibility of the employee to provide her own transportation. The incidence of the bus strike rendered the employee without transportation so that it could be found that the plaintiff in permitting the use of its car to drive her to work was acting in her interest rather than its own. In these circumstances the judge was warranted in finding that the operator of the plaintiff's vehicle was not acting as the agent of the plaintiff but for his own purpose in accommodating a fellow employee.

With respect to the defendant's vehicle there was sufficient evidence to warrant the finding of agency.

Since we find no prejudicial error, *the report is ordered dismissed.*

George B. Rubin of Boston, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick; Leo M. Lazo, all of Boston, for the Defendant, in support of the defendant's intention that he was not responsible for the conduct of the operator of his, the defendant's car because such operator at the time was acting as an employee of the service station owner — an independent contractor, cited: *Rourke v. Cadillac Auto Co. of Boston*, 268 Mass. 7; *Marsh v. Beraldi*, 260 Mass. 225; *Whalen v. Sheehan*, 237 Mass. 112; *Shute v. Morey*, 234 Mass. 387; *Stevens v. Stewart-Warner Speedometer Corporation*, 223 Mass. 44; *Shepard v. Jacobs*, 204 Mass. 110. Restatement, Torts, §417; Massachusetts Jurisprudence by Dangel, Motor Vehicles, page 415, §508a.